MICHAEL ZANZONICO, RESPONDENT, v. YELLOW CAB
COMPANY, A CORPORATION, APPELLANT.

Submitted January 15, 1926—Decided May 4, 1926.

Negligence—Taxicab Collision With Bicycle—Bicycle is a Ve-
hicle Having Legal Rights of a Vehicle, and Driver of Cab
was Required to Yield Right of Way to Another Vehicle Com-
ing From His Right—Plaintiff was Not Obliged to Stop—No
Contributory Negligence Shown.

On defendant's appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.,

For the respondent, *Anthony A. Calandra.*

For the appellant, *Carl T. Freggens.*

PER CURIAM.

The plaintiff recovered a judgment for damages for per-
sonal injuries sustained by reason of a collision with an auto-
mobile owned by the defendant operated by one of its ser-
vants coming into collision with a bicycle upon which the
plaintiff was riding. The sole ground of appeal is that the
trial court, at the close of plaintiff's case, refused to grant a
motion for nonsuit made upon the ground that plaintiff was
guilty of contributory negligence as a matter of law.

The plaintiff was proceeding southerly in Wallace street,
Newark, on his bicycle, and, coming to Bank street, saw the
defendant's automobile coming up at a fast rate of speed on
his left one hundred feet or so away. Plaintiff did not stop
to let the automobile pass him, but went on and came into
collision with the right front wheel of the motor.

The motion to nonsuit for contributory negligence neces-
sarily concedes primary negligence on the part of the driver

of the automobile. Apparently, plaintiff saw it in time to stop; and it appeared, without contradiction, in the case, that the sight of plaintiff's left eye was somewhat impaired. The argument seems to be that the plaintiff should either have stopped and let the motor have the right of way to which by law the plaintiff was entitled if he arrived at the place of crossing in due time; or, secondly, that the plaintiff ought to have kept his vision fixed on the defendant's motor to the exclusion of other objects and dangers.

Our examination of the case leads us to conclude that there was a question of fact in regard to contributory negligence which was for the determination of the judge sitting as a jury. His bicycle is recognized by law as a vehicle, and, consequently, had the rights of a vehicle under the Traffic act. This being so, the driver of the motor was required to yield the right of way to another vehicle coming from his right under normal conditions. The case of *McCormick* v. *Hesser*, 77 *N. J. L.* 173, is relied on by appellant, but this is not controlling, because it was the case of a pedestrian. The present case falls more nearly within the lines of *Minarcsik* v. *Blank*, very recently decided in this court, 4 *N. J. Adv. R.* 515. Contributory negligence being a defense, the burden of proof was on the defendant, and, under well-settled principles, if there was any question of fact to be determined in connection with the claim of contributory negligence, the judge's finding thereon is conclusive upon this court.

The judgment will accordingly be affirmed.