CATHERINE MULLIGAN, ADMINISTRATRIX, ETC., v. PAUL LOSI.

Decided December 1st, 1927.

**Negligence—Death Resulting From Being Run Over by an Automobile—Verdict Which Held Defendant Negligent and Exonerated Deceased From Contributory Negligence Found Not to be Erroneous.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Mark Townsend, Jr.*

*Contra, Quinn, Parsons & Doremus.*

PER CURIAM.

This suit was brought by the plaintiff, under the Death act, to recover the pecuniary loss sustained by the next of kin, through the death of Terrance J. Mulligan, who was run over and killed by an automobile of the defendant on Main street, in the town of Fairhaven, Monmouth county. The trial resulted in a verdict in favor of the plaintiff, the damages being assessed at $13,320.

The principal ground upon which we are asked to set aside this verdict is that the finding of the jury exonerating Mulligan from contributory negligence, and also its finding that the defendant was negligent, were each of them contrary to the weight of the evidence. The defendant was driving his automobile in an easterly direction along Main street. The decedent was riding a bicycle in Locust street, which ran at right angles to Main street, and entered the point of intersection at about the same time as the defendant. The decedent approached the intersection of the two streets from the defendant's right, and had the right of way under normal conditions. Our examination of the testimony sent up with the rule leads us to the conclusion that the jury was justified in its findings, but on the question of the negligence of the defendant and the contributory negligence of the decedent, and that the verdict ought not to be disturbed because of the alleged lack of evidence to support these findings.

Next, it is argued that the court erred in charging the law of negligence, because it failed to state expressly that the negligence of the defendant, if it was shown, must have been the natural and proximate cause of the collision. We think there is nothing in this contention. The whole charge was based upon the necessary implication that the plaintiff could not recover unless the negligence of the defendant, if it was shown to exist, was the sole and proximate cause of the collision.

Lastly, it is argued that the verdict of the jury is grossly excessive. Our examination of the proofs, bearing upon this question, leads us to the conclusion that it is not so manifestly excessive as to justify our interference.

The rule to show cause will be discharged.