MARY E. MacDONALD, PLAINTIFF, v. JAMES T. WEART, JAMES D. COURTNEY, OLIVER CONOVER AND EARL COOPER, DEFENDANTS.

Submitted October term, 1929—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the plaintiff, *William Elmer Brown, Jr.*

For the defendants James T. Weart and Earl Cooper, *T. Harry Rowland* and *C. Richard Allen.*

For the defendants James D. Courtney and Oliver Conover, *Carr & Carroll.*

PER CURIAM.

Plaintiff was injured in a collision between an automobile owned by defendant Weart and driven by defendant Cooper, in which she was a passenger, and a truck owned by defendant Courtney and driven by defendant Conover. The jury brought in a verdict for the plaintiff and against the defendants Courtney and Conover in the amount of $4,250. Courtney and Conover obtained a rule to show cause why the verdict should not be set aside and a new trial granted;

whereupon the plaintiff caused a rule to issue why the verdict in favor of the defendants Weart and Cooper should not be set aside and a new trial granted as to them. It is made clear in plaintiff's brief that the last mentioned rule to show cause is not to be pressed unless the court decides affirmatively on the first.

Defendants Courtney and Conover allege as reasons for the prosecution of their rule that (1) the verdict was against the weight of the evidence, (2) the plaintiff should have been nonsuited and (3) the damages are excessive.

The accident occurred at the intersection of Cinnaminson avenue and Broad street in Palmyra, Burlington county. The automobile in which the plaintiff was riding was passing along Cinnaminson avenue in a northerly direction. The Courtney truck was proceeding along Broad street in a general westerly direction. The collision was approximately at the middle of the intersection of the two streets. There was evidence from which the jury could have found that the word "stop" was painted in fifteen inch letters across the pavement of Broad street in a position to be read by vehicular drivers approaching along that thoroughfare toward the intersection with Cinnaminson avenue; that Conover, the driver of Courtney's truck, as he approached the intersection, had, at a distance of seventy-one feet therefrom, an unobstructed view of Cinnaminson avenue for a distance of seventy-two feet in the direction from which the Weart car was approaching, and that view was not at any time interrupted; that Conover approached the intersection at a speed of twenty miles an hour without sounding his horn or giving other warning and that he did not apply his brakes until from two to five feet away from the Weart car; that the Weart car was approaching at about eight miles an hour and was practically past the intersection of the streets when it was sturck by the truck and driven crosswise from its own direction, but in a line with the direction in which the truck was moving, up against a traffic sign weighing about two tons with such force as to move that object about four feet, and that it was

the front of the truck that collided with the side of the automobile.

With the proofs in such condition that the jury could have found the foregoing state of facts, we are unable to say that the verdict is so clearly against the weight of the evidence as to give rise to the inference that it is the result of mistake, passion, prejudice or partiality. *Floersch* v. *Donnell,* 82 *N. J. L.* 357.

It does appear that the truck was approaching the intersection from the right of the driver of the pleasure car, but the Traffic act regulation in that respect does not constitute a hard and fast rule. It is an additional factor to be considered. *Paulsen* v. *Klinge,* 92 *N. J. L.* 99.

Whether or not the failure to observe a traffic regulation is negligence in the given case is a matter to be determined by a jury. *Baker* v. *Fogg & Hires Co.,* 95 *N. J. L.* 230.

We find no sufficient cause for setting the verdict aside at the instance of the defendants; and, as we think will appear from the resume of the evidence as given, that there was not reversible error in the refusal of the court to nonsuit the plaintiff.

On the subject of damages there was evidence that the plaintiff had severe injuries from which she had suffered in varying degree from the time of the accident until the date of the trial, which was two years and .eight months later. While there was contradiction in the testimony as to the extent of the injuries and the degree of the plaintiff's pain and disability, the facts were for the determination of the jury, and it is apparent that the jury believed the evidence given on behalf of the plaintiff. We are unable to determine that the jury was not justified in so doing, or that the amount of the award was so out of line with such evidence as to cause the verdict to be set aside or the amount thereof reduced.

Our conclusion is that both rules should be discharged.