JOSEPH DURGETT, PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, IMPLEADED AS PUBLIC SERVICE CO-ORDINATED TRANSPORTATION COMPANY AND WILLIAM CASSIDY, DEFENDANTS.

Submitted October term, 1929—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the rule, *Henry H. Fryling* (*Harold F. Dorgeval* on the brief).

*Contra, Aaron L. Simon.*

PER CURIAM.

The plaintiff, driving an automobile along a public highway, met with a collision at a cross street intersection with a bus of the defendant company and brought this suit for personal injuries and property loss. He was awarded a verdict by the jury in the amount of $3,000. Public Service Co-ordinated Transport caused a rule to show cause to issue, and in support of it argues two points, namely:

(1) The verdict is against the clear weight of the evidence on the issue of negligence on the part of the defendant, as well as on the issue of contributory negligence on the part of

the plaintiff, and the trial judge erred in refusing defendant's motion for a nonsuit; and

(2) The damages awarded by the jury are excessive.

It was open to the jury to find from the evidence that the plaintiff was driving an automobile at the rate of fifteen miles an hour; that as he approached the cross street he slowed down to about ten miles; that when about eight feet from the intersection he noticed a bus approaching from his left at a distance of about twenty five feet from the corner; that when he reached the crosswalk the bus was from twelve to fifteen feet from the intersection; that the bus was traveling at about the rate of twenty-five miles an hour; that the plaintiff signaled as he approached the intersection but that no signal was given by the defendant's driver; that the defendant's bus struck the plaintiff's car at the forward part of the left side of the last named vehicle. If this evidence is true, the plaintiff, traveling at a more moderate speed, reached the crossing in advance of and on the right of the defendant's bus, plaintiff having signaled his approach and the defendant's driver having given no signal that the bus was to proceed across the intersection. Under normal conditions the driver of a vehicle is required to give the right of way to another vehicle coming from his right. *Zanzonico* v. *Yellow Cab Co.*, 4 *N. J. Mis. R.* 458; 133 *Atl. Rep.* 84; *Mulligan* v. *Losi*, 5 *N. J. Mis. R.* 1019. While the traffic act regulations in this respect are not alone the basis of a right of recovery, this provision is to be considered by the jury along with other testimony on the issue of negligence. *Healey* v. *Braested*, 98 *N. J. L.* 520. Where the evidence, and the inferences reasonably arising therefrom, will support a verdict for the plaintiff, a motion for a nonsuit must be denied. *Weston Co.* v. *Benecke*, 82 *N. J. L.* 445. To justify a court in setting aside the verdict of a jury on the ground that it is against the weight of the evidence, it must be so palpable as to give rise to the inference that it is the result of mistake, passion or prejudice. *Floersch* v. *Donnell*, 82 *N. J. L.* 357. We find against the prosecutor of the rule on its first point.

We conclude, however, that the damages awarded by the

jury are excessive. The actual money loss and disbursements of the plaintiff total about $281. The plaintiff sustained a broken shoulder, was X-rayed, strapped with heavy adhesive over a period of four months, and, though he suffered pain and still is, to some extent, incapacitated in lifting objects, he continued his work without interruption and does not appear to be seriously impaired. We consider that a verdict of $1,500 would have been ample under the evidence. If the plaintiff will remit the excess of damages over that amount, the rule will be discharged; if not, the verdict as to the amount of damages will be set aside and a new trial awarded as to such damages; the verdict standing good in all other respects.