23 N.J. Super. 93 (1952)
92 A.2d 634
JULIUS REINER CORPORATION, A CORPORATION OF NEW YORK, PLAINTIFF-RESPONDENT,
v.
N. HOWARD SUTTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1952.
Decided November 19, 1952.
*94 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. George D. Rothermel argued the cause for appellant.
Mr. Harold T. Parker argued the cause for respondent (Messrs. Parker, McCay & Criscuolo, attorneys).
The opinion of the court was delivered by GOLDMANN, J.A.D.
This appeal challenges the judgment entered in plaintiff's favor by the judge of the Burlington County District Court sitting without a jury. No stenographic record was made of the proceedings in the court below. The appeal is before us on a "Statement of the Evidence or Proceedings" settled and approved by the trial judge, and filed pursuant to Rule 1:2-23, incorporated by reference in Rule 4:2-6. The scope of our factual review is necessarily confined to that statement.
*95 The action arose out of an intersectional collision between plaintiff's automobile, driven by Mrs. Edith Reiner, an officer of the corporation, and a truck owned and operated by defendant. The complaint and counterclaim respectively demanded judgment for property damage suffered by the parties. The only witnesses at the trial were Mrs. Reiner and defendant.
The accident occurred at midmorning of May 3, 1951 at the intersection of State Highway Route 25 and Columbus Road in Burlington, N.J. Route 25 is a north-south dual highway, with a two-lane, 20-foot paved roadway on each side of a 12-foot grass center island. There are 7-foot shoulders on the outside margins of the paved areas, and a 2- or 3-foot shoulder next to the island. Columbus Road runs east and west, and intersects Route 25 at about right angles; the entire intersection is paved, the center island terminating at the north and south sides of the intersection.
Mrs. Reiner testified she was driving south on Route 25 at about 45 miles an hour in her right-hand lane. When she was about 150 feet north of the Columbus Road intersection she saw defendant's truck on the east side of Route 25, just starting across the northbound roadway and moving at a speed of not more than 10 miles an hour. She blew her horn and slowed down. She thought the truck would stop at the center island, but it continued across the northbound lanes past the island and proceeded to cross the southbound lanes. To avoid striking the truck she braked her car and turned to the right, but the truck struck the left side of the automobile. Mrs. Reiner further testified that after the collision she asked defendant why he didn't stop when she blew her horn, and he replied that he thought he could get across the highway. The exhibits show that the point of impact of the truck was on the right side, 1 1/2 to 2 feet from the front end.
Defendant, a 71-year-old farmer, testified that he was driving west on Columbus Road and, on reaching Route 25, came to a full stop to allow northbound cars to pass. He *96 then started to cross at 10 miles an hour and at that moment saw plaintiff's car 1,000 or more feet north of the intersection. He next observed the car about 300 feet away when he reached the center of the highway. He continued across and made no further observations until his truck was struck on the right side, just as the front end had cleared the southbound lanes. Defendant further testified that he made no estimate as to the speed of the automobile, either when he first saw it or last saw it; he could not say how fast it was coming. He did not hear the horn blown but would not deny that it had been blown. He knew that Route 25 was a very busy highway and that it was dangerous to cross it.
The district court judge found that "defendant was guilty of negligence and that plaintiff was free of negligence," and directed entry of judgment in favor of plaintiff for $991 on the complaint, and judgment of no cause of action against defendant on his counterclaim.
The issue here is solely factual. Defendant urges this court to exercise its authority under Rules 1:2-20 and 4:2-6 and make new findings of fact. He asks that we declare that plaintiff's driver was guilty of contributory negligence and reverse the judgment below. On a review of any cause involving issues of fact not determined by the verdict of a jury, Rule 1:2-20 reminds us that due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. "Beyond that, every intendment is in favor of the judgment under review, and we should not disturb the court's finding of fact unless we are well satisfied that the finding is a mistaken one." Capone v. Norton, 11 N.J. Super. 189, 193 (App. Div. 1951), affirmed 8 N.J. 54 (1951). We recognize the superior opportunity of the trial judge to observe the demeanor of the witnesses and judge of their credibility, and thus to estimate the preponderant weight of the believable testimony. Goldman v. Shapiro, 16 N.J. Super. 324, 326 (App. Div. 1951); cf. In re Perrone, 5 N.J. 514, 523-524 *97 (1950). As the court said in Trusky v. Ford Motor Co., 19 N.J. Super. 100 (App. Div. 1952), at pages 103-104:
"The permissive power conferred by the rules is exercised in the sound discretion of this court only where from an examination of the record it is manifest that the findings of fact under review are so plainly unjustified by the evidence that the interests of justice necessitate their nullification. * * *"
Cf. Folsom v. Magna Manufacturing Co., 14 N.J. Super. 363, 368-369 (App. Div. 1951).
We perceive adequate support for the findings of the trial court in the summary of the evidence presented for our consideration. There is no sound reason why we should reject them.
Defendant contends, however, that although the intersection in question involved a divided highway, there was in fact but a single intersection, and therefore defendant, having admittedly entered the intersection first, had the right of way under R.S. 39:4-90 which provides:
"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. * * *"
He further argues that Mrs. Reiner was negligent in assuming he would stop at the center island, and that he had a right to assume she would exercise due care to avoid colliding with his truck.
It is generally held that where a statute gives the right of way to certain travelers, this right is to be construed as only a relative one, dependent upon the particular existing circumstances (such as speed, distance of the vehicles from the intersection, opportunity for making observations, et cetera), and that it is for the trier of the facts to fix the precise relationship of such traffic regulation to the accident, as well as to any facts of negligence or carelessness on the part of those involved therein, considering in connection therewith any circumstances explanatory of the relative degrees *98 of care exercised by those involved in the occurrence. 5 Am. Jur., Automobiles, § 692, p. 882.
If defendant did have the right of way by virtue of statute, that right was not absolute. It was not a right that could be exercised under all conditions. Carero v. Breslin, 3 N.J. Misc. 507, 511 (Sup. Ct. 1925). Paulsen v. Klinge, 92 N.J.L. 99 (Sup. Ct. 1918) involved the question of a statutory right of way under the Traffic Act of 1915 (L. 1915, c. 156). Justice Minturn there said (at pages 100-101):
"If we assume that the defendant had the right of way, the conditions must be such as to justify him in the absolute exercise of the right. In any event his right upon the highway is not exclusive, but at all times relative and still subject to the fundamental common law doctrine, `Sic utere tuo ut alienum non laedas.' Nor was his right of way exclusive because he was on the right side of the road, as required by the traffic statute. * * *
"The legislative act was not intended to provide an exclusively hard and fast rule, applicable to all hazards and in all situations, regardless of actual conditions, and thus liberate from responsibility one who by fortuitously adhering to the regulation, may be otherwise reckless and indifferent to the situation of others, lawfully exercising equal rights upon the highway, but who may be subject to untoward and unlooked for situations beyond their control.
"Such a construction would tend to encourage rather than diminish and obviate the dangerous situations this legislation was conceived to remedy. The common law rules applicable to negligence have not been abolished by the enactment. Its existence but adds an additional factor to be considered in given situations by which negligence may be measured and determined between conflicting claimants exercising a common right. * * *" (Italics ours.)
MacDonald v. Weart, 8 N.J. Misc. 445 (Sup. Ct. 1930); cf. Erwin v. Traud, 90 N.J.L. 289 (E. & A. 1917) (ordinance).
In Rizzolo v. Public Service Co-ordinated Transport, 111 N.J.L. 107 (E. & A. 1933), appellant urged in support of its charge that decedent was guilty of contributory negligence as a matter of law, that decedent had violated the Traffic Act (L. 1928, c. 281, art. V, sec. 1) by crossing the street when the traffic light was against him. Chief Justice Brogan, speaking for the court, said (at page 111):
*99 "The violation of a penal statute or ordinance is not, as has been determined many times, negligence per se but is a mere incident of negligence. * * * So, conversely, in the matter of contributory negligence the violation of a penal statute or ordinance by a plaintiff or plaintiff's intestate, cannot logically be said to be conclusive evidence of contributory negligence as a matter of law. Whether the conduct of the decedent, under the facts and circumstances presented, was that of an ordinarily prudent man is a fact question and it was not error for the trial court to reject the defendant's motion for nonsuit."
And in Church v. Diffany, 124 N.J.L. 100, 104 (E. & A. 1940), the same court said that "a violation of the traffic laws is not negligence, but only evidence of negligence."
The alleged violation of the Traffic Act by Mrs. Reiner  if she was in fact guilty of any violation  was therefore only one factor among others to be considered by the trial judge in deciding the questions of negligence and contributory negligence.
Judgment affirmed.