250 N.J. Super. 451 (1991)
595 A.2d 516
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FREDERICK F. VANRIPER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1990.
Decided January 7, 1991.
*452 Before Judges PRESSLER, BAIME and A.M. STEIN.
William J. McGovern, III, argued the cause for appellant (McGovern & Roseman, attorneys; William J. McGovern of counsel and on the brief).
Joseph Connor, Jr., Assistant Prosecutor, argued the cause for respondent (W. Michael Murphy, Jr., Morris County Prosecutor, attorney; Joseph Connor, Jr., on the letter-brief).
The opinion of the court was delivered by BAIME, J.A.D.
Defendant Frederick F. VanRiper appeals from a conviction of careless driving (N.J.S.A. 39:4-97). He was originally charged with improperly entering an intersection controlled by a stop or yield sign following a collision between the tractor trailer he was driving and an automobile. However, in the proceedings before the Roxbury Municipal Court it became apparent that the intersection in which the accident occurred was not controlled by a stop or yield sign. The municipal court judge sua sponte and over defendant's vigorous objection amended the complaint to charge careless driving. Defendant, who was not apprised of his right to retain an attorney or his *453 right not to take the stand, was thereafter convicted of careless driving based largely on his own testimony. The Law Division later found defendant guilty of the same offense at a de novo trial on the municipal court record. Defendant was fined $50 and ordered to pay $25 in court costs. We reverse.
We need not recount the facts at length. At approximately 9:00 a.m. on June 27, 1989, defendant was driving his tractor trailer on Midland Road towards its intersection with Righter Road. The meeting point between Midland and Righter Roads is a T intersection, with Righter Road the through street. The intersection is not controlled by a stop or yield sign. Nevertheless, defendant stopped his vehicle and thereafter gradually proceeded to make a right turn. As he made this maneuver, the left front bumper of the tractor trailer was struck by the right side of an automobile proceeding along Righter Road. After the accident, a police officer issued defendant a summons for improperly entering an intersection controlled by a stop or yield sign. The officer had not witnessed the collision, but had issued the summons based upon his observations of the placement of the vehicles following the accident.
In the course of the officer's testimony, the municipal court judge noted that the Midland-Righter Roads intersection was not controlled by a stop or yield sign. On his own motion, the judge amended the complaint to charge careless driving. Defendant, who appeared pro se, strenuously objected to the amendment, but his objection was summarily denied. As we noted, defendant was not advised of his right not to testify. Apparently unaware of that right, defendant, in the course of his testimony, noted that he had briefly looked backwards while entering the intersection in an attempt to avoid having the trailer strike the right curbing of the intersection. Both the municipal court and the Law Division found defendant guilty of careless driving.
It is against this factual backdrop that we consider defendant's arguments. Defendant asserts that (1) careless driving *454 is not a lesser-included offense of improperly entering an intersection controlled by a stop or yield sign, (2) he should have been granted a continuance when the judge sua sponte amended the complaint, (3) the evidence presented was insufficient to convict him of careless driving and (4) the municipal court failed to apprise him of his right to retain an attorney and his right not to testify.
We agree with defendant's argument that careless driving is not a lesser-included offense of improperly entering an intersection controlled by a stop or yield sign. N.J.S.A. 39:4-97, the careless driving statute, reads as follows:
[a] person who drives a vehicle on a highway carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of careless driving.
N.J.S.A. 39:4-144, the offense for which defendant was originally charged, provides:
[n]o driver of a vehicle or street car shall enter upon or cross an intersecting street marked with a "stop" sign unless he has first brought his vehicle or street car to a complete stop at a point within 5 feet of the nearest cross walk or stop line marked upon the pavement at the near side of the intersecting street and shall proceed only after yielding the right of way to all traffic on the intersecting street which is so close as to constitute an immediate hazard. No driver of a vehicle or street car shall enter upon or cross an intersecting street marked with a "yield right of way" sign without slowing to a reasonable speed for existing conditions and visibility, stopping if necessary, and the driver shall yield the right of way to all traffic on the intersecting street which is so close as to constitute an immediate hazard; unless, in either case, he is otherwise directed to proceed by a traffic or police officer or traffic control signal, or as provided in Section 39:4-145 of this Title.
Although a driver who violates N.J.S.A. 39:4-144 may also fall afoul of the careless driving statute, N.J.S.A. 39:4-97, the latter is not a necessary ingredient of the former violation. See State v. Roenicke, 174 N.J. Super. 513, 517-518, 417 A.2d 54 (Law Div. 1980); State v. Jahn, 121 N.J. Super. 209, 211, 296 A.2d 364 (Law Div. 1972); see also State v. Muniz, 228 N.J. Super. 492, 496, 550 A.2d 487 (App.Div. 1988), certif. granted 113 N.J. 658, 552 A.2d 179 (1988), rev'd on other grounds, 118 N.J. 319, 571 A.2d 948 (1990). The linchpin of a violation of N.J.S.A. 39:4-144 is the failure to adhere to a stop or yield sign. Absent *455 the existence of such a sign, the rights of drivers approaching an intersection are defined by N.J.S.A. 39:4-90. That statute provides that a driver approaching an intersection "shall yield the right of way to a vehicle which has entered the intersection." Ibid. When two vehicles enter an intersection at the same time, the driver of "the vehicle on the left shall yield the right of way to the driver on the right." Ibid. See also Durgett v. Public Service Co-ordinated Transport, 8 N.J. Misc. 457, 150 A. 557 (Sup.Ct. 1930); Mulligan v. Losi, 5 N.J. Misc. 1019, 139 A. 387 (Sup.Ct. 1927); Zanzonico v. Yellow Cab Co., 4 N.J. Misc. 458, 133 A. 84 (Sup.Ct. 1926). These right-of-way rules apply whether or not the highways cross each other. See N.J.S.A. 39:1-1. Stated another way, N.J.S.A. 39:4-90 is applicable to T intersections as well as through intersections. Although these right-of-way rules are not absolute, see Julius Reiner Corp. v. Sutton, 23 N.J. Super. 93, 98, 92 A.2d 634 (App.Div. 1952), a motorist approaching an intersection at a lawful speed may assert his primary right unless he places another in jeopardy. Ash v. Blanchard, 2 N.J. Misc. 997, 126 A. 428 (Sup.Ct. 1924). Applying these principles, defendant may have violated the rules of the road under N.J.S.A. 39:4-90 and may have been careless under N.J.S.A. 39:4-97. Whatever duty he may have had to yield, however, was not a coincident or an ingredient of any obligation created by N.J.S.A. 39:4-144.
In our view, the State reads the lesser-included elements of N.J.S.A. 39:4-144 far too broadly. Accepting the State's position would lead to anomalous results. For example, the failure to "slow[] to a reasonable speed" constitutes an ingredient of N.J.S.A. 39:4-144, but one would be hard pressed to argue seriously that speeding constitutes a lesser-included offense of failing to yield to a yield sign. In a similar vein, the failure to consider lack of "visibility" constitutes an ingredient of N.J.S.A. 39:4-144, yet no one would seriously propound the argument that driving with an obstructed view is a lesser-included offense of failing to yield to a yield sign. In sum, "[i]t is perfectly clear that N.J.S.A. 39:4-90 does not apply to establish *456 a standard of care at an intersection where ... the traffic is controlled by a yield sign," Burdzy v. Cooney, 215 N.J. Super. 98, 102, 521 A.2d 364 (App.Div. 1987), and it is equally plain that N.J.S.A. 39:4-144 does not provide a standard of care respecting an uncontrolled intersection. While the offenses of careless driving and improperly entering an intersection controlled by a stop or yield sign may overlap, one is not a necessary ingredient of the other.
Beyond this, even were we to agree with the State's position that the municipal court judge was correct in amending the complaint, he erred by failing to "adjourn the hearing to some future day," as required under the circumstances by R. 7:10-2. By embroiling defendant in an offense that was never charged, the judge deprived him of the opportunity to prepare and defend against the new charge  a charge relating to an offense of an entirely different character. State v. Koch, 161 N.J. Super. 63, 66, 390 A.2d 1192 (App.Div. 1978).
We are thus satisfied that the amendment denied defendant the fundamental fairness inherent in any penal proceeding, criminal or otherwise. Id. at 67, 390 A.2d 1192; see also State v. Guerrido, 60 N.J. Super. 505, 510, 159 A.2d 448 (App.Div. 1960). A conviction of an offense for which a defendant is not charged which is not a lesser-included violation clearly cannot stand.
One further matter deserves attention. The transcript submitted to us does not indicate that defendant was ever apprised of his right to retain an attorney or his right not to testify. A non-indigent defendant "always has the right to retain counsel if he should so choose...." State v. Carey, 230 N.J. Super. 402, 408, 553 A.2d 844 (App.Div. 1989). We are not concerned here with the right to assigned counsel. See Rodriguez v. Rosenblatt, 58 N.J. 281, 277 A.2d 216 (1971). We speak only of the right to retain an attorney. In that respect, R. 3:27-2, which is made applicable by R. 7:1, states clearly that "[e]very person charged with a non-indictable offense shall be advised *457 by the court of his right to retain counsel...." See also State v. Carey, 230 N.J. Super. at 408, 553 A.2d 844. Moreover, at the commencement of each municipal court session, the judge must apprise all defendants of their right to retain an attorney. R. 7:4-4(d); Report of the Supreme Court Committee on the Municipal Courts, 118 N.J.L.J. Index 119 (1986). In a similar vein, a defendant should be advised of his right not to testify. Ibid.; see also State v. Dwyer, 229 N.J. Super. 531, 537, 552 A.2d 200 (App.Div. 1989). We repeat that the record before us does not reflect any advice by the municipal court judge, either to defendant individually or to defendants generally at the outset of the proceedings, of the right to elect to remain silent.
By virtue of these violations, defendant was left foundering. Even in the context of the minor traffic violation charged, defendant had the right to retain an attorney if he chose to do so. So too, he had the right not to testify. Without the assistance of counsel, defendant took the stand and the testimony he gave formed the basis for his conviction. This was blatantly unfair.
The judgment of conviction is reversed and the matter is remanded for entry of a judgment of acquittal.