628 A.2d 1076

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. DONNA HISHMEH, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 25, 1993—Decided July 16, 1993.

---

[1] Incorrectly denominated "J.M.B. Realty Corporation" in the complaint.

Before Judges ANTELL, DREIER and SKILLMAN.

*Bowers, Murphy, Lieberman, Heathcote & Amitrani,* attorneys for appellant (*Steven B. Lieberman,* of counsel and on the brief).

*Andrew K. Ruotolo, Jr.,* Union County Prosecutor, attorney for respondent (*Steven J. Kaflowitz,* Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Defendant appeals from convictions of failing to observe a traffic signal, *N.J.S.A.* 39:4–81, and leaving the scene of an accident, *N.J.S.A.* 39:4–129. She was fined $200 plus costs on each charge, for a total of $252 in the Plainfield Municipal Court. After a trial *de novo* in the Law Division, she received the same penalty.

Defendant was proceeding south on Plainfield Avenue in Plainfield when she allegedly ran a red light, striking the complaining witness' vehicle, which was proceeding west on West Fourth Street. After the accident, she travelled approximately two blocks when she stopped by the side of the road. Two other motorists, who had been behind the car that was struck, pursued defendant. One pulled in front of her and the other behind her after she had stopped. According to the investigating officer, defendant's vehicle may have been disabled. One of the witnesses who had pursued her testified that he attempted to flag defendant down, but did not know whether she pulled over because he did so, because of the condition of her vehicle, or because she voluntarily stopped. According to this witness, defendant told him either that she did not know *why* she left the scene, or that she did not know *that* she left the scene. She had a head injury, and was somewhat dazed, but nevertheless walked with the other drivers back to the scene of the accident. While she was doing so, a police car drove up and she flagged down the patrolman, who accompanied her back to her car. She gave him her wallet, which contained her license, and he retrieved the registration from the vehicle. Although the patrolman stated that the place her vehicle was

stopped might have been a quarter mile from the scene of the accident, other witnesses stated that it was two short blocks away (4th Street to 6th Street). The motorists estimated the distance at approximately 300 feet.

At the trial in the municipal court, defendant received no individualized advice concerning her right to an attorney, although a general statement was made by the judge at the start of the evening's proceedings. *See R.* 7:4–4(d). Also, the municipal court judge permitted the police officer to question witnesses on behalf of the State and further informed defendant that if she testified she would be cross-examined by the police officer. She stated, "I'd like to testify but since I don't have an attorney to cross-examine me, since Mr. Egbert [the police officer] is going to cross-examine me, I just want to sit out." She objected to the officer acting as the prosecutor, and again stated "I'd like to testify but I reserve that right not to because I don't have an attorney to cross-examine while Mr. Egbert states on the, you know, is working on the State's behalf." The judge told her that she had elected to proceed without an attorney, but that she could testify or could remain silent. If she testified, she would be cross-examined by the officer.

Defendant raises two points on this appeal and states that neither was raised in the Law Division. The first is that the police officer should not have been allowed to act as the State's attorney. This was at least partially raised in the municipal court. The second point is that she was denied her right to counsel.[1]

---

[1] We note a third point, that the Law Division judge was not, as he supposed, bound to accept the factual findings of the municipal court judge. At the trial *de novo*, the judge twice stated the correct standards for review under *State v. Johnson*, but when he applied these standards, he stated that the municipal judge "apparently believed *and I have to accept her findings with regard to facts*, that [defendant] stopped as a result of being flagged down ... by the witness McCallister." (Emphasis added.) Given our remand on other issues, this point is moot.

Apparently, the only reason defendant did not testify was that she feared cross-examination by a police officer when she was not represented by counsel. Under *R.* 7:4–4(b), the State's representation is limited to the Attorney General, the county or municipal attorney, or an attorney appearing on behalf of a complaining witness.[2] Thus absent an appearance by a municipal prosecutor, defendant's testimony would have been received, subject to such questions that the judge may have directed to her. Defendant was given no advance warning, before deciding to proceed without an attorney, that the court would depart from this normal procedure. Given defendant's specific objection at the trial, this departure from procedure is enough to warrant a new trial.

Second, it is clear that each defendant must be given an individual statement concerning the right to counsel if the defendant faces a significant penalty, a "consequence of magnitude." *See* February 25, 1986 Memorandum to Municipal Court Judges from the Chief Justice. The memorandum stated:

MEMORANDUM TO: Municipal Court Judges

SUBJECT: *R.* 3:4–2—Advising Defendants of Their Rights

It has been brought to my attention that some municipal court defendants are not being adequately advised of their *R.* 3:4–2 rights prior to a hearing. If that is indeed the case, I would remind each of you of your responsibility in this regard.

Of particular importance is that defendants be advised of their right to retain counsel or to have counsel appointed if they are indigent and are facing a potential "consequence of magnitude." It is vitally important that you ensure that each defendant is individually informed of this fundamental right to counsel, in every case involving a "consequence of magnitude." In those cases, it is not sufficient to make a general announcement at the opening of court of the right to counsel, nor is

---

[2] If the State elected not to have the municipal prosecutor or other permitted attorney appear, we have doubts whether there should have been cross-examination by a non-attorney police officer. We need not definitively decide this question here. *But cf. State v. Imperiale,* 773 *F.Supp.* 747, 749 fn. 4 (D.N.J.1991) (stating, without reference to authority other than the Attorney General's brief, that it is a general practice for "complainants themselves" to prosecute minor offenses in municipal courts).

*it sufficient merely to distribute to defendants copies of the booklet "Your Rights in the Municipal Court." A defendant should not be considered to have waived the right to counsel unless there has been an affirmative waiver and a clear statement on the record indicating the defendant's understanding of the waiver and expressing his or her intention to proceed without counsel.*

*Your continued vigilance in ensuring compliance with the provisions of R. 3:4-2 is appreciated.*

*Rule* 7:4–4(d) could be read to make this individual advice mandatory in all cases, not just in those where there is a "consequence of magnitude." [3] The rule requires that defendants be given a statement of their rights prior to the commencement of the court session; but "[t]his statement shall not be a substitute for the judge advising an individual defendant of his or her rights prior to hearing." *R.* 7:4–4(d).

We do not endorse a mandatory rule that would require an upsetting of convictions in all cases where a defendant is not individually advised of his or her right to counsel. *See State v. VanRiper*, 250 *N.J.Super.* 451, 595 *A.*2d 516 (App.Div.1991). But the defendant's position in this case requires further analysis. Defendant apparently knew that she had the right to an attorney. She apparently waived this right on the assumption that both she and the State would put in their cases, responding solely to the judge. She appears to have wanted to testify, but backed away when she found that she was going to be cross-examined by the officer, and had no attorney to protect her. Thus it was not the lack of advice concerning her right to retain an attorney, but the departure from normal procedure that caused defendant to forego her right to testify.

This was not the classic case of leaving the scene of an accident. Defendant stopped a few hundred feet away, albeit possibly

---

[3] If there was only property damage, defendant would have been subject up to a $100 fine and/or 30 days in jail for a first offense; if there was personal injury, the penalty is up to a $1,000 fine and/or 30 days in jail, and a six-month loss of driver's license. *N.J.S.A.* 39:4–129(a) and (b).

because of a damaged tire or being flagged down by another motorist. She did stop, however, walk back to the scene, and flag down the police car. She was suffering from a head injury and apparently was dazed. The rescue squad transported her to the hospital. Perhaps there would have been sufficient proof that she intended to leave the scene, but her testimony was not heard, ostensibly because the trial judge, over objection, permitted a police officer to act, in effect, as a municipal prosecutor.

From the aggregate of these circumstances (the questionable procedure whereby the officer was permitted to question defendant, and defendant's expressed need for counsel), the interests of justice call for a new trial. Defendant may be heard with or without an attorney. She should be secure in the knowledge that she will be faced either with cross-examination by an attorney representing the State and may then bring counsel of her own, or will be faced by no attorney and, if she wishes, can leave any questioning to an impartial judge.

The convictions are reversed, and the matter is remanded to the Plainfield Municipal Court for a new trial.