**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0293-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT JOHN COLE, JR.
and MARIE COLE,

    Defendants-Appellants.

_____

Submitted March 25, 2019 – Decided April 9, 2019

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Municipal Appeal No. 6177.

Hegge & Confusione, LLC, attorneys for appellants (Michael J. Confusione, of counsel and on the brief).

Michael J. Pasquale, attorney for respondent.

PER CURIAM

    This appeal arises out of the prosecution of defendants, a husband and wife, in municipal court for violating several local ordinances concerning the

condition of their residential property. After several trial adjournments and collateral civil proceedings in state and federal court, the wife appeared before the municipal court on a rescheduled trial date. She informed the court that she and her husband no longer had the services of an attorney whom they had previously retained to represent them in the case. The matter proceeded to trial that same day, with the wife attempting to represent herself.

The municipal court found defendants guilty of three ordinance violations and imposed various fines and costs, all totaling over $3,000. The Law Division upheld the convictions on de novo review. Defendants now appeal, raising multiple grounds of error.

As explained in this opinion, we reverse and vacate the convictions. We do so because the record supplied on appeal reflects the municipal court failed to comply with the self-representation protocol mandated by Rule 7:8-10 for non-parking violation cases, before allowing the defendant wife to proceed to trial without counsel. In particular, the municipal court apparently did not provide defendant with the required "explanation . . . of the range of penal consequences [she or her husband were facing] and an advisement that [they] may have defenses and that there are dangers and disadvantages inherent in defending oneself." R. 7:8-10. In addition, there is no indication the municipal

court made the necessary finding under Rule 7:8-10 that it was "satisfied from an inquiry on the record that the defendant[s] [had] knowingly and voluntarily waived [their] right to counsel following [such] an explanation."

Consequently, the matter must be remanded for a new trial in the municipal court. We do not address the rest of the issues raised on appeal, except to note that we agree with the Law Division that the municipal trial was not foreclosed by a prior order of the Assignment Judge staying the municipal case while the related civil litigation was then pending.

I.

Because the evidence will be freshly presented and adjudicated at a new trial, we need not canvass the facts in detail or definitively. It will suffice for present purposes to say the following.

Defendants Robert John Cole, Jr. and Marie Cole are spouses who own and reside in a house in Wayne Township. In June 2016, after inspecting the premises, Township code enforcement officers issued three summonses against the Coles for violations of: (1) Ordinance 302.4, which prohibits weeds and high grass in excess of certain heights (the "weeds and high grass ticket"); (2) Ordinance 302.1, requiring exterior property and premises be maintained in a "clean, safe and sanitary condition" (the "sanitation ticket"); and (3) Ordinance

3

308.1 for failure to remove rubbish from the premises, which is defined as combustible and non-combustible waste material except garbage (the "rubbish ticket").

The Coles thereafter filed civil complaints against various Township officials. As the result of the pendency of the civil litigation, the County Assignment Judge issued the following order on August 7, 2017:

> The Township of Wayne is not barred from issuing new summonses as it deems appropriate. However, in light of the pending litigation between the parties and in the interest of justice, all pending municipal matters between [the Coles] SHALL NOT be heard and decided in Wayne Municipal Court during the pendency of this action,
>
> And it is further ORDERED that all pending municipal matters unrelated to the Superior Court case be transferred to the Totowa Municipal Court for hearing/decision,
>
> And it is further ORDERED that Wayne Township continue to withhold prosecution of the underlying municipal tickets related to this Superior Court matter until litigation is completed on PAS-L-1703-16.
>
> [(Emphasis added).]

On December 6, 2017, the Coles voluntarily withdrew and dismissed their civil action in the Law Division (PAS-L-1703-16) with prejudice, but without prejudice to refiling a separate lawsuit in federal court. The Coles subsequently filed

A-0293-18T2

a federal action in the latter part of 2017, the status of which is not clear and irrelevant to the present appeal.

Thereafter, on December 7, 2017, the Coles were issued a fourth summons by Township enforcement officers for not having a zoning permit for a fence, in violation of §134-26 of the local code (the "fence ticket").

The prosecution of the four summonses was transferred to a series of different municipalities. Ultimately the case was docketed with the Hawthorne Municipal Court.

On February 15, 2018, the Coles initially appeared before the municipal judge in Hawthorne. They advised the court that they had retained private counsel, but that the attorney had requested an adjournment two days earlier, based upon a scheduling conflict and also outstanding discovery issues. That same attorney then provided a letter to the municipal court clerk on February 15, expressing a desire to withdraw from the case. The municipal judge read that letter into the record, and explained to the Coles that the attorney could not withdraw merely by letter. Mrs. Cole expressed to the judge there were outstanding discovery issues.

The judge adjourned the case, and instructed the Coles to send their outstanding discovery requests in writing to the court. Several days later, the Coles sent the court a letter containing more than twenty discovery requests.

A-0293-18T2

The case was called a second time on March 1, 2018. The Coles appeared on that date without counsel. They told the judge they had been trying to obtain a different attorney without success. The judge advised the Coles the trial would be adjourned again to March 22, but that it would proceed on that date regardless of whether the Coles were there with or without counsel. In this respect, the judge noted that there had been "too many delays on both sides and [the case has] been going from court to court," and "it's not going to happen anymore." The Coles and the prosecutor also discussed discovery issues on the record.

On March 22, the prosecutor and Mrs. Cole, without counsel, once again appeared before the judge. Mr. Cole was not present because he was reportedly in the hospital. Mrs. Cole explained to the judge that she and her husband had still been unable to secure representation. The judge nevertheless chose to proceed with the trial, with Mrs. Cole acting pro se. The following pertinent colloquy with the judge on this topic occurred:

> [THE PROSECUTOR]: [The] State's witnesses are here. I only have one question of the Court. I thought the attorney for the Coles was ordered to be here.
>
> MRS. COLE: We had fired her.
>
> THE COURT: She was fired. That's it.

A-0293-18T2

[THE PROSECUTOR]: <u>Okay. So they're going to proceed without representation</u>.

THE COURT: <u>They'll proceed pro se today</u>.

[THE PROSECUTOR]: <u>Okay</u>.

MRS. COLE: <u>Yes</u>.

THE COURT: <u>Okay. Thank you, Ms. Cole</u>.

MRS. COLE: <u>You're welcome, Your Honor</u>. And, Your Honor, I'd like to make a motion to dismiss.

THE COURT: Okay.

MRS. COLE: I've never received any of the requested – [discovery.]

[(Emphasis added).]

After a discussion of discovery matters, the trial proceeded that same day. The State called as its witnesses the code enforcement officer and the zoning officer who wrote the summonses. Mrs. Cole attempted to cross-examine both witnesses. The State also briefly presented testimony from an assistant Township attorney who confirmed the Township's ministerial failure to insert into a blank space within the ordinance provision a specific height requirement for high weeds and grass. No defense witness testified.

Upon considering the evidence, the judge found the Coles guilty of violating the sanitation, rubbish, and fence ordinance provisions. The judge dismissed the weeds and high grass ticket in light of the defect with that ordinance provision.

The judge withheld sentencing for several weeks to afford the Coles another opportunity to clean up their property. The case resumed on May 17, 2018. The judge examined photographs of the Coles' property taken by a Township enforcement officer on the same day and concluded the Coles had not cured the conditions on their premises. The judge then imposed a $1,000 fine for each of the three violations, plus $99 in total court costs.

The Coles sought de novo review in the Law Division pursuant to Rule 3:23-8. After hearing pro se oral arguments by the Coles, the Law Division judge upheld the municipal convictions and penalties in an oral decision on September 13, 2018.

The Coles retained appellate counsel, who filed the present appeal. In his brief, counsel presents the following points:

> ERRORS OF LAW WARRANT VACATION OF DEFENDANTS' CONVICTIONS AND SENTENCE IMPOSED BY THE LAW DIVISION BELOW.
>
> A. The municipal prosecution violated [the Assignment Judge's] Order entered in the Law Division, Passaic County.
>
> B. The Municipal Court Judge violated defendants' right to counsel and R. 7:8-10.

C. The municipal prosecution was invalid because complete discovery was not provided to defendants.

D. Defendants' convictions for summonses SC006646 [sanitation ticket] and SC006647 [rubbish ticket] were invalid because the photographic evidence was obtained by trespass onto defendants' property.

E. The $1,000 maximum penalty for each violation is not supported by the record before the Law Division.

## II.
### A.

As a predicate matter, we affirm the Law Division judge's determination that the municipal trial was not stayed by the Assignment Judge's August 7, 2017 order. The very clear terms of that order only required the Township to withhold prosecution of the related underlying municipal tickets "until litigation is completed on [Docket No.] PAS-L-1703-16." That civil case under "PAS-L-1703-16" was voluntarily dismissed in December 2017. The Assignment Judge's order does not extend to the subsequent litigation in federal court. The Cole's arguments to the contrary are without merit. There was no bar to the cases being tried in the municipal court.

### B.

We turn to the pivotal question of the municipal judge's compliance with Rule 7:8-10. The Rule prescribes as follows:

9

> In all cases other than parking cases, a request by a defendant to proceed to trial without an attorney shall not be granted until the judge is satisfied from an inquiry on the record that the defendant has knowingly and voluntarily waived the right to counsel following an explanation by the judge of the range of penal consequences and an advisement that the defendant may have defenses and that there are dangers and disadvantages inherent in defending oneself.
>
> [R. 7:8-10.]

The terms of this Rule are in accord with important constitutional principles assuring that defendants have a fair opportunity to retain counsel of their own choosing. See, e.g., United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006); State v. Furguson, 198 N.J. Super. 395, 401 (App. Div. 1985) ("An essential element of the constitutional right to the assistance of counsel is the right of a defendant to secure counsel of his own choice."). See also State v. Kates, 426 N.J. Super. 32, 44 (App. Div. 2012), aff'd, 216 N.J. 393 (2014).

The constitutional right to counsel likewise extends to municipal court proceedings. See, e.g., R. 7:3-2 (a)-(b); State v. Gonzalez, 114 N.J. 592, 608 (1989) (recognizing the requirement that municipal court judges advise defendants of the right to counsel). See also State v. Hishmeh, 266 N.J. Super. 162, 166 (App. Div. 1993) (recognizing defendants have a right to counsel in municipal court actions involving a "consequence of magnitude"); State v. VanRiper, 250 N.J.

Super. 451, 457 (App. Div. 1991) ("Even in the context of the minor traffic violation charge[], defendant had the right to retain an attorney if he chose to do so.").

An important corollary principle is to provide appropriate treatment to defendants who wish to waive their right to counsel and choose to represent themselves. State v. Harris, 384 N.J. Super. 29, 57 (App. Div. 2006). The right to self-representation is not absolute. "A defendant must 'voluntarily and intelligently' elect to conduct his [or her] own defense." Ibid. (quoting Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 161-62 (2000)). In this regard, "the right of self-representation does not attach until asserted," and the request to proceed pro se "must be made clearly and unequivocally." Ibid.

Only after a defendant "clearly and unequivocally asserts his or her right to proceed pro se and renounces the right to counsel" should the court determine the adequacy of the waiver. Id. at 58. As outlined by the Supreme Court in State v. DuBois, 189 N.J. 454, 468-69 (2007), several factors apply in determining whether a waiver of counsel is knowing and intelligent. In criminal cases in the Law Division, trial courts must inform a defendant of:

> (1) the nature of the charges, statutory defenses, and possible range of punishment; (2) the technical problems associated with self-representation and the risks if the defense is unsuccessful; (3) the necessity that defendant

11

comply with the rules of criminal procedure and the rules of evidence; (4) the fact that lack of knowledge of the law may impair defendant's ability to defend himself or herself; (5) the impact that the dual role of counsel and defendant may have; (6) the reality that it would be unwise not to accept the assistance of counsel; (7) the need for an open-ended discussion so that the defendant may express an understanding in his or her own words; (8) the fact that, if defendant proceeds pro se, he or she will be unable to assert an ineffective assistance of counsel claim; and (9) the ramifications that self-representation will have on the right to remain silent and the privilege against self-incrimination.

[Ibid. (citing State v. Cristafi, 128 N.J. 499, 511-12 (1992), and State v. Reddish, 181 N.J. 553, 594 (2004)).]

Rule 7:8-10 essentially codifies these basic principles in the context of municipal cases.[1]  As we have already noted, the Rule requires the municipal judge to provide an "explanation" on the record of the range of penal consequences a defendant is facing.  Ibid.  In addition, the judge must warn the defendant that he or she "may have defenses and that there are dangers and disadvantages inherent in defending oneself."  Ibid.  Apart from these required admonitions, the judge must make an "inquiry on the record that the defendant has nevertheless knowingly and voluntarily waived the right to counsel."  Ibid.

---

[1]  We do not reach here whether the full range of factors from Cristafi and Reddish must be addressed on the record in municipal self-representation situations; we need only address the discrete requirements of Rule 7:8-10.

The defendant's apparent choice to proceed pro se "shall not be granted," unless and until the judge makes such a finding of a knowing and voluntary waiver."

Unfortunately, based upon the record supplied to us on appeal, the requirements of Rule 7:8-10 were not fulfilled here. When the case proceeded to trial on March 22, 2018, nothing in the record substantiates that the court provided Mrs. Cole that day with the explanations and warnings mandated by Rule 7:8-10. Nor does the record show that the judge made the necessary inquiry of her[2] and was "satisfied" that she was making a knowing and voluntary waiver. To the contrary, it appears from the record as a whole that the Coles wanted to be represented by an attorney, but had trouble finding one willing to step in for their original counsel of record.

We fully appreciate that the Coles appear to be somewhat familiar and adept with litigation processes on a rudimentary level. Mrs. Cole addressed discovery issues with the court and the prosecutor, and she exhibited a general

---

[2] For that matter, there is no indication that the required warnings and findings were ever made as to the codefendant Mr. Cole, who was absent that date due to illness, although the briefs on appeal do not contest Mrs. Cole's authority to waive her spouse's rights.

A-0293-18T2

understanding of the court system and litigation. Even so, she was not given[3] the necessary warnings about the pitfalls of self-representation, and no findings of waiver were made on the record. We can understand the judge's frustration in the delays that had occurred in this case, but that inherited delay did not relieve the judge from adhering to the procedures mandated by Rule 7:8-10.

For these reasons, the judgment is vacated. The case is remanded to the vicinage Assignment Judge to assign the case to a different municipal judge. The assigned judge shall first address the representation issues in compliance with Rule 7:8-10, and then consider the legal and factual issues at a new trial. As a predicate to that new trial, the assigned judge shall reconsider the discovery

_____

[3] There is no indication in the record supplied to us that the Coles were present for a standard "general speech" about the right to counsel and self-representation that might have been presented by the municipal judge to the audience at the outset of a municipal court session. Even if they had heard such a general announcement, that announcement had to be tied to specific questioning of the Coles when their case was called in order to support a finding of knowing and voluntary waiver. See, e.g., Hishmeh, 266 N.J. Super. at 166 (finding that each defendant must be given an individual statement concerning the right to counsel if the defendant faces a potential "consequence of magnitude."). See also Memorandum from Chief Justice Robert N. Wilentz to Municipal Court Judges (Feb. 25, 1986) ("It is vitally important that [municipal court judges] ensure that each defendant is individually informed of this fundamental right to counsel, in every case involving a 'consequence of magnitude.' In those cases, it is not sufficient to make a general announcement at the opening of court of the right to counsel.").

and trespass issues that have been presented more cogently by appellate counsel in his brief on appeal.[4]  We intimate no views, of course, concerning the merits.

Vacated and remanded for a new trial.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] As part of the remand, the assigned judge shall specifically consider whether the record needs to be developed or amplified with respect to the constitutionality of the inspectors' apparent entry upon the Coles' premises.  See Camara v. Municipal Court, 387 U.S. 523 (1967); See v. Seattle, 387 U.S. 541 (1967); N.J. Dep't of Envir. Prot. v. Huber, 213 N.J. 338 (2013); State v. Heine, 424 N.J. Super. 48, 59 (App. Div. 2012).  Among other things, the testimony is unclear as to whether an inspector would have needed to physically enter the Coles' yard in order to make her observations and to take the photos in evidence.

A-0293-18T2