650 A.2d 1031

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. RICHARD STORM, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 14, 1994—Decided December 29, 1994.

Before Judges SHEBELL, WALLACE and KLEINER.

*Richard S. Lehrich* argued the cause for appellant (*Mr. Lehrich,* of counsel, and on the brief).

*Simon Louis Rosenbach,* Assistant Prosecutor argued the cause for respondent (Honorable *Robert W. Gluck,* Prosecutor of Middlesex County, attorney; *Mr. Rosenbach,* of counsel, and on the brief).

*Carl J. Herman* also argued on the brief on behalf of *Amicus Curiae* Association of Criminal Defense Lawyers of New Jersey.

*Thomas V. Grealis* argued the cause for complainant-intervenor, Pamela J. Young (*Juman and Juman,* attorneys; *Mr. Grealis,* on the brief).

*Anne C. Paskow,* Assistant Attorney General, argued the cause on behalf of the Attorney General, *Amicus Curiae (Deborah T. Poritz,* Attorney General of New Jersey, attorney; *Ms. Paskow,* of counsel, and on the brief).

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

This appeal involves the question of the propriety of permitting personal counsel for a complainant to prosecute a quasi-criminal complaint in municipal court, as permitted under *R.* 7:4–4(b). Three complaints were filed by Pamela Jean Young (complainant), against defendant, Richard Storm, in the Woodbridge Municipal Court. Two complaints charged stalking, contrary to *N.J.S.A.* 2C:12–10b and the third complaint charged harassment, contrary to *N.J.S.A.* 2C:33–4. Subsequently, the two stalking charges were downgraded by the Middlesex County prosecutor from indictable charges to harassment, disorderly persons charges, and returned to the Woodbridge Municipal Court. Thereby, all three harassment complaints were pending in that court.

On or about February 28, 1994, defendant filed a civil complaint in the Special Civil Part against the complainant. This complaint was dismissed with prejudice on April 18, 1994. The dismissal was appealed on June 1, 1994. On appeal, we reversed that dismissal and remanded the matter.

It appears that Robert Hedesh, as the personal attorney for Pamela Young, was requested by the Woodbridge Municipal Prosecutor to prosecute the three harassment complaints. Richard S. Lehrich, defendant's counsel, objected to Hedesh acting as prosecutor and moved before the municipal court for his disqualification. On February 22, 1994, the Municipal Court judge ruled that Hedesh would be permitted to prosecute the complaints. Defendant moved for leave to appeal the interlocutory order to the Law Division. Defendant's motion was denied on April 4, 1994.

We granted leave to appeal the denial on May 19, 1994. Thereafter, the New Jersey Association of Criminal Defense Lawyers and the Attorney General were each granted leave to participate as *amicus curiae*. Counsel for Young was granted leave to intervene.

We were advised at oral argument on this appeal that defendant has now been indicted for stalking Pamela Young. While this change in events at some point may moot the issue presented if all pending matters are removed to the Superior Court, the issue may again arise in this case, and it is a matter of recurring concern. We, therefore, choose to render our ruling at the present time.

On February 22, 1994, the Woodbridge Municipal Court held a management conference on the three complaints pending against defendant. The judge heard argument with respect to complainant's private attorney acting as prosecutor. Defense counsel asserted that because Hedesh is the complainant's private attorney there exists a conflict of interest thereby creating a situation where the prosecuting attorney cannot be objective and act as a disinterested prosecutor. Hedesh responded that no conflict of interest exists as he has no pecuniary interest in the outcome. He noted that it was the Woodbridge prosecutor who requested that he act as prosecutor in this case.

■ Citing *State v. Harris*, 262 *N.J.Super.* 294, 620 *A.*2d 1083 (Law Div.1992), defendant has urged throughout that there is a conflict of interest and that Hedesh cannot be as objective as a disinterested prosecutor. Defendant further asserted that the court did not take into account the particular facts of the case, and that private prosecution by one who is an attorney for an adverse party in a civil litigation deprives a defendant of due process and his right to a fair trial.

The practice of permitting private counsel to prosecute in the municipal courts has been criticized during the past forty years, but has survived. See Judson Hand *Primitive Justice: Private*

*Prosecution in Municipal Court Under New Jersey Rule 7:4–4(b)*, 44 *Rutgers L. Rev.* 205, 216 (1991).

*R.* 7:4–4(b) provides:

Appearance of Prosecution. Whenever in his or her judgment the interests of justice so require, or upon the request of the court, the Attorney General, county prosecutor, municipal court prosecutor, or municipal attorney, as the case may be, may appear in any court on behalf of the State, or of the municipality, and conduct the prosecution of any action, but if the Attorney General, county or municipal court prosecutor, or municipal attorney does not appear, any attorney may appear on behalf of any complaining witness and prosecute the action for and on behalf of the State or the municipality.

[*Id.*]

Two federal cases, *State v. Kinder,* 701 *F.Supp.* 486 (D.N.J.1988) and *State v. Imperiale,* 773 *F.Supp.* 747 (D.N.J.1991), have analyzed the propriety and constitutionality of *R.* 7:4–4(b). Both cases involved assault and harassment charges removed to the Federal District Court from their respective municipal courts because defendants were postal employees.

In *Kinder* the District Court judge upheld the constitutionality of *R.* 7:4–4(b) in part based on the "petty" nature of the offenses. *Kinder, supra,* 701 *F.Supp.* at 491–492. The judge observed:

This Rule contains both procedural and substantive rights, allowing a complaining witness who is the victim of a disorderly persons offense to enforce the criminal law in cases where the state or municipality lacks the resources to do so. The importance of the Rule becomes evident when one realizes that absent its use, disorderly persons offenses would go unprosecuted, harming not only the state's interest in enforcing its laws, but also the victim's (if not society's) interest in obtaining satisfaction for wrongs committed.

[*Id.* at 488.]

The judge acknowledged that complainant's attorney may have some interest in fees resulting from a civil suit, however, he concluded that "any conflict of interest arising out of the situation presented here does not constitute a violation of due process under the circumstances of this case." *Id.* at 491.

It was observed in *Kinder* that "[t]he United States Supreme Court has itself recognized that the full panoply of procedural protections is not required where lesser charges are involved and

minimal punishment is authorized." *Id.* The judge further stated that:

> There are several compelling reasons to uphold New Jersey's Municipal Court Rule. The Rule facilitates a kind of peoples' court wherein citizens may bring their disputes and uphold the laws of the community through the uncomplicated procedures of the municipal court. While there is the possibility of frivolous suits and vindictive behavior by some complainants, abuses are checked and deterred by the court's discretion and by the various other remedies available for malicious prosecution.
>
> [*Id.* at 492.]

In *State v. Imperiale*, the private complainant filed an assault complaint against the defendant and sought to prosecute the action himself. *Imperiale, supra,* 773 *F.Supp.* at 748–749. The defendant moved to dismiss based on an allegedly unconstitutional application of *R.* 7:4–4(b). *Id.* The District Court judge stated:

> The practical reasons for the rule are obvious. There are many instances in which the prosecutor, because of the nature of the complaint combined with limited resources, chooses not to prosecute a particular complaint or category of complaints. Many personal disputes are and can be decided or resolved at the municipal court level without the time and expense of a local prosecutor.
>
> The risk of abuses from such practice is equally obvious. Individuals can and do utilize such criminal proceedings to bolster a related civil proceeding or merely for vindictive or harassing purposes. In addition to possible improper initiation, the conduct of such proceedings risks a violation of due process. The strictures which guide and limit a prosecutor are unknown to the private citizen and are difficult to enforce. Plea bargains which are otherwise available would not be. Duties of disclosure and other constitutional safeguards likewise would be unknown and unenforced. Thus, in the initiation and the conduct of such private prosecutions, the self-interest of the complainant-prosecutor, absent the safeguards imposed upon a neutral prosecutor, place the constitutional rights of the named defendant in jeopardy.
>
> [*Id.* at 748.]

The judge observed that "partiality refers not to 'personal' zeal but to 'structural' problems where personal interests (including non-pecuniary interests) generate a structural conflict of interest," and the fact that the complainant "could or might file a future civil suit against [defendant], even though one is not pending, could constitute a 'structural' conflict of interest." *Id.* at 750. Thus, the judge ruled:

> Given this inherent conflict of roles, there is no need to speculate whether the prosecutor will be subject to extraneous influence.... *An arrangement represents*

*an actual conflict of interest if its potential for misconduct is intolerable.* The determination of whether there is an actual conflict of interest is therefore distinct from the determination whether that conflict resulted in any actual misconduct. [*Id.* at 752 (citing *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 *U.S.* 787, 807, 107 *S.Ct.* 2124, 2138, 95 *L.Ed.2d* 740, 758–759 (1987)) (emphasis added).]

The judge reasoned that the conflict of interest problems, such as were inherent in the private prosecution of a contempt proceeding in *Vuitton,* applied "in any criminal case where the private prosecutor has a personal stake or a conflict of interest." *Imperiale, supra,* 773 *F.Supp.* at 752. He also stated that any conflicts of interest and attendant due process implications raised by specific private prosecutions may be assessed on a case-by-case basis prior to trial. *Id.* at 751.

Thus, although neither the *Imperiale* court nor the *Kinder* court found it necessary to declare the rule unconstitutional, both judges recognized that there are risks of constitutional violations in certain cases, and that there is weakness and vulnerability of the process in all cases where an independent prosecutor is absent. Our State courts have not been able to avoid grappling with the thorny problems created by the Rule permitting private prosecutions. See *In re McDonald,* 99 *N.J.* 78, 491 *A.2d* 625 (1985); *State v. Cantor,* 221 *N.J.Super.* 219, 534 *A.2d* 83 (App.Div. 1987), *certif. denied,* 110 *N.J.* 291, 540 *A.2d* 1274 (1988); *State v. Long,* 266 *N.J.Super.* 716, 726, 630 *A.2d* 430 (Law Div.1993); *State v. Harris,* 262 *N.J.Super.* 294, 620 *A.2d* 1083 (Law Div.1992).

█ The conclusion is inescapable that the inherent conflicts associated with private prosecutions can best be ameliorated by requiring the presence in the municipal courts of a public prosecutor whenever possible. In the present case, the following Woodbridge ordinance provides for the use of the municipal prosecutor in matters such as the present. Municipal Ordinance No. 2–61 provides:

The director of law, or such attorney as he may designate with the approval of the mayor, shall conduct prosecutions for crimes and offenses cognizable by the municipal court of Woodbridge ... provided, however, that the director shall not be responsible for the prosecution of such crimes and offenses as are required by law to be prosecuted by the county prosecutor.

We are advised that it is the policy of the Woodbridge Prosecutor and many other municipal prosecutors to refrain from prosecuting complaints where there is a private attorney available to represent the complainant. We can understand what may be the underlying motivations. for such a policy, however, the judiciary, in the interest of providing a fair trial, must use all of its influence and power to ensure that, whenever possible, a public prosecutor handles all prosecutions, including private complaints in the municipal courts.

As in the present case, the strife resulting in the filing of a private complaint is generally deep seated, intense, and personal. This hostility, often disguised, has the ability to place both sides to the controversy in a defensive and antagonistic posture. It is only natural that private counsel for such parties, as their hired gladiators, may become subject to the emotions of the occasion.

In such an atmosphere, it is difficult for this court, and perhaps impossible for the adverse party, to be secure in its expectation that private counsel hired to prosecute the complaint on behalf of a client, will have the uncompromised ability to protect the rights of the defendant—the enemy—by fully disclosing all facts, materials or evidence which may be helpful to defendant's case. Consider for example, the situation where during the pendency of the controversy, it becomes apparent to counsel for complainant that his client's recounting of the incident underlying the complaint has become progressively more favorable to the cause they are prosecuting. Can a defendant be confident that the private prosecutor's ethical obligation to disclose will survive the attorney's natural loyalty to the client? If it does, will the lawyer-client relationship survive long enough to permit the disclosure? This is but a single example of the problems perceived to attach to such representations.

It is apparent, therefore, that whenever possible the municipal court judge, in exercising supervisory powers, must endeavor to seek out a public prosecutor. *R.* 7:4–4(b) is to be utilized to permit private counsel to prosecute only as a last resort and only

in those circumstances where a full disclosure of possible conflicts does not disclose so direct and serious a conflict as to violate due process or otherwise preclude the defendant from receiving a fair trial. *See Imperiale, supra,* 773 *F.Supp.* at 755.

We, therefore, remand this matter to the Woodbridge Municipal Court and direct that the judge mandate that the municipal prosecutor undertake the prosecution of the complaints in question, if and when the County Prosecutor authorizes the matters to proceed.

Reversed and remanded.