281 N.J. Super. 327 (1995)
657 A.2d 883
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEONARD R. AVENA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 20, 1995.
Decided April 21, 1995.
*329 Before Judges DREIER and VILLANUEVA.
Richard Seltzer, attorney for appellant (Edith E. Mazier, on the brief).
*330 Andrew K. Ruotolo, Jr., Union County Prosecutor, attorney for respondent (Steven J. Kaflowitz, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by DREIER, P.J.A.D.
Defendant appeals from a conviction of the petty disorderly persons offense of harassment by offensive touching, N.J.S.A. 2C:33-4, after a trial de novo in the Law Division. Defendant was found guilty of the charge by the Hon. Aldan O. Markson in the Kenilworth Municipal Court. The court assessed a fine of $250, court costs and penalties. After a trial de novo on the record, defendant was again convicted by Judge Spatola in the Law Division.
In September 1993, the complaining witness began work as a secretary-clerk for defendant's direct marketing company, a small, family-owned and operated printing and mailing business. The company was founded by defendant, and his son and two other employees work with him.
The complainant alleged that defendant made lewd comments and acted offensively towards her. On the second day of her employment, defendant called her into his office and proceeded to tell her she was "cheap and easy." After that, she was allegedly given a raise. Another time, defendant told her he "[liked] the way [her] rear end shook."
On September 23, 1993, approximately two and one-half weeks after she began employment, complainant and defendant had breakfast together at a coffee shop across the street from the company. Defendant invited her, and she accepted because it was his practice to take his employees to breakfast or lunch. The witness claimed that after talking about his wife, defendant then allegedly discussed an extra-marital affair he had with a former secretary, something he had talked about before.
*331 When they returned to the company, they both worked with defendant's son and a student employee packaging CDs and cassettes for a mass mailing. The witness claimed she was then called into defendant's office, and as she walked towards a seated defendant, he grabbed her by the hips and pulled her close to him. She feared that defendant was going to try to kiss her, so she pulled away and asked him if he was crazy. She left his office and decided then not to return to work after she finished the day's work.
Defendant denied harassing complainant and giving her a raise, and his son agreed no raise had been given as evidenced by the company's time cards. He claimed that when the witness' boyfriend arrived, she was permitted to leave a few minutes before 5 p.m., the usual quitting time. Defendant and his son claimed that as complainant left she said she would see everyone tomorrow. She never returned to work.
When the witness did not come to work the day after the son had handed out the paychecks, he assumed that she had just quit because it had happened before that an employee had not returned after being paid. The witness claimed that defendant called her aunt's home about 5 p.m. on Friday, inquiring about her. Defendant claimed that was his second phone call, having called earlier at either 10 a.m., 11 a.m. or 1 p.m., and that when he called her at 5 p.m., he was told that the witness was upset and not coming to work. He said he did not call right away because he expected her to call him. Defendant did not try the second phone number, her mother's, which was provided on the employee's employment form.
Defendant was subsequently served with a complaint charging him with "offensive touching" of complainant, an alleged violation of N.J.S.A. 2C:33-4.
There was no municipal prosecutor at the trial. The municipal judge undertook questioning of the complainant, defendant and his witness. He stated

*332 There's no Municipal Prosecutor on this case, so I'll have to  I won't be the Prosecutor, but I'm going to ask questions to elicit the information that I think is significant in the case.... I'll try to pass on some objectivity.
Although defendant was questioned by the judge, the judge stated that "Mr. Avena is not going to be cross-examined."
In convicting defendant, the judge placed significance on the fact that defendant did not immediately call complainant when she did not come to work the next day even though she had the keys and was supposed to open the office. Additionally, when defendant did call her, he only tried reaching her at one of the two telephone numbers she had listed in her employment record. Using common experience, the judge inferred that not calling complainant inferred he had a guilty conscience. The judge, in assessing the witnesses' credibility, stated that complainant's testimony had the ring of truth and found that she was telling the truth beyond a reasonable doubt. He then stated: "And as far as Mr. Avena's testimony is concerned, it had a thud of not being the truth."
At the trial de novo before the Law Division, defendant claimed that the municipal judge's decision was based on "totally unsupported inferences." The Law Division judge stated that the municipal judge's "conclusion that the appellant's inaction or apparent hesitation [in phoning complainant] indicated a guilty conscience was a logical deduction drawn from ordinary experience and was not based on pure conjecture." The municipal judge had also found the complainant to be truthful even though the case was one person's word against another. The judge stated:
Such conduct toward a new employee, where there's no evidence to indicate that the type of behavior was solicited or encouraged is, indeed, circumstantial evidence of a purpose to annoy and to harass. Under subsection (b) of the applicable statute 2C:33-4, the appellant's action constituted an offensive touching of the complainant.
The Law Division judge accorded "due deference" to the credibility findings by the municipal judge and reimposed the conviction.
Defendant raises three issues on appeal.
POINT I
THE LAW DIVISION FAILED TO APPLY THE PROPER STANDARD OF REVIEW.

*333 POINT II

IT WAS PLAIN ERROR FOR THE MUNICIPAL COURT JUDGE TO ACT AS BOTH PROSECUTOR AND ADJUDICATOR (Not Raised Below).
POINT III
THE LAW DIVISION ERRED IN FAILING TO FIND THAT THE COMMISSION OF AN OFFENSE WAS NOT PROVED BEYOND A REASONABLE DOUBT.
We find the first and third issues to be clearly without merit, and therefore we will discuss them only briefly. R. 2:11-3(e)(2). We will, however, discuss the second issue in more detail.

I
The function of the Superior Court Law Division on an appeal requiring a trial de novo on the record under R. 3:23-8(a)
is to determine the case completely anew on the record made in the Municipal Court, giving due, although not necessarily controlling, regard to the opportunity of the magistrate to judge the credibility of the witness.
[State v. Johnson, 42 N.J. 146, 157, 199 A.2d 809 (1964).]
The judge in a trial de novo must "make his own findings of fact." State v. Ross, 189 N.J. Super. 67, 75, 458 A.2d 1299 (App.Div. 1983). "His is not the appellate function governed by the substantial evidence rule but rather an independent fact-finding function in respect of defendant's guilt or innocence." Ibid.
When we as an appellate court review the ruling of the court in a trial de novo, we must determine whether there was sufficient credible evidence in the record to have led to the judge's findings. State v. Johnson, supra, 42 N.J. at 162, 199 A.2d 809. If an appellate court determines that the finding by the trial court was
clearly a mistaken one and so plainly unwarranted . .. the interests of justice demand intervention and correction ... then, and only then, it should appraise the record as if it were deciding the matter at inception and make its own findings and conclusions.
[Ibid. (citations omitted).]
In this case, the Law Division judge went through the municipal court transcript, pointing out what facts would have led the municipal judge to convict the defendant, but she determined the case "anew on the record." The municipal judge's decision relied *334 heavily on his assessment of the credibility of the parties. Although there was some dispute as to whether complainant got a raise, the municipal judge clearly believed that the complainant had told the truth beyond a reasonable doubt. The Law Division judge correctly gave deference to the credibility findings of the trial judge as he was the one who could judge the witnesses' demeanor and reactions.
The Law Division judge also reviewed the inference of guilt found by the municipal judge. She independently agreed that it was common experience for an employer normally to call an employee immediately where the employee had said she would return, had done an adequate job, had the keys to the workplace and did not come to work and open the office. If the employer did not, it was reasonable to infer that there was a reason for it, here, a guilty conscience.
Although most of the case is reduced to conflicting testimony, the credibility findings and inferences by the trial court were neither clearly mistaken nor "plainly unwarranted." There was sufficient credible evidence in the record for the Law Division judge again to have convicted defendant.

II
Defendant did not object in the municipal court to the judge questioning the witnesses when no municipal prosecutor was available, nor was the issue raised in the Law Division. Defendant raises the issue for the first time on appeal before us. An appellate court will notice an error or omission not raised below if that error or omission caused an unjust result and is thus plain error. R. 2:10-2.
This case involved a citizen complaint, brought to trial in a municipal court with no municipal prosecutor available. A municipal prosecutor is not required by the Rules of Court in every municipal court case. A municipal prosecutor "may appear in any court on behalf of the State, or of the municipality, and conduct the prosecution of any action...." R. 7:4-4(b) (emphasis added). *335 The rule also allows for a private prosecutor if the municipal prosecutor is not available. If the municipal prosecutor "does not appear, any attorney may appear on behalf of any complaining witness and prosecute the action for and on behalf of the State or municipality." Ibid. (emphasis added). There is no express requirement that a prosecutor or private attorney must be present, and neither represented the State in this case.
The complainant could have used a private prosecutor if she had been aware there would be no municipal prosecutor and could afford the services of an attorney. The use of private prosecutors has been upheld and does not deny due process unless there is a conflict. State of N.J. v. Imperiale, 773 F. Supp. 747, 754-55 (D.N.J. 1991); State v. Storm, 278 N.J. Super. 287, 650 A.2d 1031 (App.Div. 1994). In State of N.J. v. Kinder, 701 F. Supp. 486, 491-92 (D.N.J. 1988), the constitutionality of R. 7:4-4(b) was upheld partly because the offenses were considered petty and the punishment not severe. In State v. Storm, supra, 278 N.J. Super. at 294-95, 650 A.2d 1031, the latest New Jersey case on the subject of the use of private prosecutors, this court determined that the municipal judge must seek a public prosecutor and only as a last resort use a private prosecutor, assuming that there are no conflicts of interest. There is no mention, however, of the proper procedure if there is neither a public nor private prosecutor.
We had occasion in State v. Hishmeh, 266 N.J. Super. 162, 628 A.2d 1076 (App.Div. 1993) to comment upon the procedure to be employed when there is neither a public nor a private prosecutor. In Hishmeh the municipal court permitted the arresting officer to act as a municipal prosecutor and cross-examine the defendant who chose to forego testifying rather than submit to that procedure. We commented that
absent an appearance by a municipal prosecutor, defendant's testimony would have received, subject to such questions that the judge may have directed to her. Defendant was given no advance warning, before deciding to proceed without an attorney, that the court would depart from this normal procedure.
[Id. at 166, 628 A.2d 1076.]
*336 We later stated that the defendant on retrial
should be secure in the knowledge that she will be faced either with cross examination by an attorney representing the State and may bring counsel of her own, or will be faced by no attorney and, if she wishes, can leave any questioning to an impartial judge.
[Id. at 168, 628 A.2d 1076.]
We thus assumed that the municipal court judge could direct the questioning of witnesses in the absence of a prosecutor.
A judge, of course, has the authority to question witnesses. State v. Riley, 28 N.J. 188, 200, 145 A.2d 601 (1958), cert. denied, 359 U.S. 313, 79 S.Ct. 891, 3 L.Ed.2d 832 (1959). Usually this is done after the attorneys have finished their questioning. In a case where there was a prosecutor, but the judge questioned the witness at length after direct and cross-examination, the Supreme Court stated:
The trial judge may question a witness in order to clarify existing testimony or to elicit further information from him.... There is a point at which the judge may cross that fine line that separates advocacy from impartiality. When that occurs there may be substantial prejudice to the rights of one of the litigants.
[Village of Ridgewood v. Sreel Investment Corp., 28 N.J. 121, 132, 145 A.2d 306 (1958).]
See also State v. Hardy, 211 N.J. Super. 630, 635, 512 A.2d 545 (App.Div. 1986).
The roles of the judge, prosecutor and defense attorney need to be distinct. The prosecutor and defense attorney are advocates for their respective sides. A municipal judge can not practice as an attorney in any criminal, quasi-criminal or penal matters in the municipality in which he is a judge. R. 1:15-1. A judge is to be a "neutral adjudicator in a criminal case," and thus any right of a judge to "prosecute" a case must be denied. Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 816, 107 S.Ct. 2124, 2142, 95 L.Ed.2d 740, 764 (1987). Impartiality must be maintained by the judge.
Where the judge's questioning of the witnesses is done strictly in a prosecutorial role, alternating with his role as judge, it *337 denies the accused due process. Figueroa Ruiz v. Delgado, 359 F.2d 718, 719, 721-22 (1st Cir.1966). Such cases, however, can be distinguished from the present case, since the municipal judge did not present the State's case but impartially questioned the witnesses.
Even if a judge endeavors to be impartial in his questioning, he or she may take on a "quasi-prosecutorial role," and, therefore, "runs the risk of assuming a prosecutorial role, thereby triggering separation of powers problems." Judson Hand, Primitive Justice: Private Prosecutions in Municipal Court Under New Jersey Rule 7:4-4(b), 44 Rutgers L.Rev. 205, 229 (1991). Hand refers numerous times to the Clifford Report (Supreme Court Task Force on the Improvement of Municipal Courts, Report of the 1985 Judicial Conference 112 (1985)), which criticized the practice of municipal judges taking on "certain prosecutorial functions" and recommended that every complaint should be prosecuted by a municipal prosecutor. Id. at 236. As is later explained, we recognize that there are serious budgetary constraints on municipalities and complainants, and thus as noted in Hishmeh, supra, there are numerous times when neither a municipal nor private prosecutor is available, and a judge must take on the role of questioner, as opposed to prosecutor.
Despite the impartial questioning of the witnesses by a judge, the mere eliciting of evidence by the judge could raise the appearance of his or her taking on the role of the prosecutor. We are aware that at least one court has questioned a proceeding when no satisfactory private prosecutor appeared to represent the State. There, the pro se complainant was determined to have a conflict of interest prohibiting him from acting as a private prosecutor and thus defendant's rights were prejudiced, the court stated:
[C]riminal defendants are not automatically entitled to a dismissal merely because the district attorney has neither the time, resources, or inclination to prosecute certain criminal complaints. Disqualification of a problematic private prosecutor is the appropriate pre-trial relief. If ultimately no satisfactory private prosecutor *338 comes forward to pursue the charges, then the defendant would be entitled to a dismissal.

[State of N.J. v. Imperiale, supra, 773 F. Supp. at 756 (emphasis added) (footnote omitted).]
Since the private prosecutor in that case had a conflict, the court gave ten days for a suitable private prosecutor to come forward, and if that did not occur, the charges were to be dismissed for failure to prosecute. Id. at 757.[1] The quoted language, however, does not stand for a proposition that there can be no prosecution without an attorney representing the State. The court recognized in Imperiale that private citizens "resort to private prosecutions in order to deter minor criminal activity such as trespass." Id. at 756. Thus in cases such as that before us we assume that the lack of an impartial attorney-prosecutor would not automatically warrant dismissal. This is especially so since Imperiale was decided before our decision in State v. Hishmeh, supra, which precluded the complainant acting as a prosecutor. We are, therefore, left with the expedient solution of the judge hearing both sides of the case and conducting what must be limited to impartial questioning.
There are few cases, state or federal, that deal with the exact situation faced with in this case. In People v. Carlucci, 23 Cal.3d 249, 152 Cal. Rptr. 439, 444, 590 P.2d 15, 19 (1979), the court found that if there is no prosecutor and the court questions the witnesses, it is not a "per se denial of due process;" the judge is not transformed into a prosecutor. The reasoning included the fact that the violation was a traffic infraction that required expeditious adjudication. Ibid. In a case involving juveniles, J.A.C. v. State of Georgia, 134 Ga. App. 561, 215 S.E.2d 324, 325 (1975), the court found no impediment to a judge questioning witnesses impartially if there was no prosecutor.
In the present case, the municipal court judge clearly stated that he was not acting as the prosecutor and would not *339 cross-examine the witnesses. The judge did not advocate a position but asked factual questions impartially. The judge was not argumentative and did not try to discredit witnesses. Realistically, we realize that there are many situations where the municipality can not afford to employ a prosecutor for the great number of minor cases that are heard in the municipal courts. The complainants may also be in the position of not being able to afford private counsel to prosecute the complaint. In such minor disputes, we will not require that a municipal prosecutor be present, provided that the judge adheres to the standards described in this case.

III
Harassment, N.J.S.A. 2C:33-4, is a petty disorderly offense subject to punishment not to exceed thirty days imprisonment. N.J.S.A. 2C:43-8. As it relates to this case, harassment is
a petty disorderly persons offense if, with purpose to harass another, he: ...
b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so ...
[N.J.S.A. 2C:33-4.]
Although harassment is a minor offense, it is subject to the standard of proof required for a crime, i.e., "whether the evidence, viewed in its entirety including the legitimate inferences therefrom, is sufficient to enable a jury [or judge] to find that the State's charge has been established beyond reasonable doubt." State v. Mayberry, 52 N.J. 413, 436-37, 245 A.2d 481 (1968), cert. denied, 393 U.S. 1043, 89 S.Ct. 673, 21 L.Ed.2d 593 (1969); N.J.S.A. 2C:1-13.
Defendant analogizes his case to State v. Fuchs, 230 N.J. Super. 420, 553 A.2d 853 (App.Div. 1989). In Fuchs, a "peeping Tom" case, intent to harass was not proved beyond a reasonable doubt because there was no evidence that the object of the harassment was present in the room being peered into. Id. at 425-26, 553 A.2d 853. Fuchs is easily distinguished from the present case. Here, the object of the harassment is evident since defendant was found to have grabbed the employee's hips. The *340 purpose or intent to harass as an element of the crime of harassment was proved based on the assessment by the judge of complainant's credibility. Once her testimony was considered credible, defendant's conduct could properly be considered purposeful and designed to harass. The offensive touching was a physical threat since it was not, by her account, encouraged. Conduct such as grabbing someone's hips and pulling them closer would create "alarm or annoyance" on the part of the victim. Since the municipal judge determined that the witness was telling the truth beyond a reasonable doubt, the elements of the offense of harassment were proven beyond a reasonable doubt.
Defendant also claims that the judge made unreasonable inferences from the testimony presented. An inference may be deduced from proven facts. State v. Corby, 28 N.J. 106, 114, 145 A.2d 289 (1958). We are guided by common sense and our common experiences. State v. Richards, 155 N.J. Super. 106, 118, 382 A.2d 407 (App.Div.), certif. denied, 77 N.J. 478, 391 A.2d 493 (1978). While we might or might not have made the same inferences, our role is one of determining whether the trial judge's inferences were rationally based on evidence in the record.
Here, the judge inferred that defendant had a guilty conscience from the fact that defendant did not call the complainant in the early morning after discovering she had not come to work. The exact time he did call is in dispute, but it certainly was not in the early morning. It is also a fact that defendant did not try the second phone number listed on the complainant's employment form. The judge further inferred that if something offensive had occurred the day before, defendant would have been naturally hesitant to call the complainant since he would have already known why she did not come to work that day. From common experience, the judge concluded that a typical employer would have been concerned when the employee who was to open the workplace and presumably said she would see everyone the next day did not appear. She could have been in an accident or gravely ill, and a reasonable employer would have inquired. These were *341 reasonable inferences from the facts and corroborated the testimony of the complainant, if one also accepts the judge's credibility findings. As stated in Point I, the municipal and Law Division judges could, therefore, have reasonably reached their decisions that defendant was guilty beyond a reasonable doubt.
Affirmed.
NOTES
[1] On a motion for reconsideration, the court reserved on the motion to disqualify the complainant as an interested private prosecutor until the additional disputed facts could be determined at trial. Id. at 757-58.