# RECORD IMPOUNDED

### NOT FOR PUBLICATION WITHOUT THE
### APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1827-17T1

C.L.H.,

    Plaintiff-Respondent,

v.

T.F.H.,

    Defendant-Appellant.

_____

        Argued November 15, 2018 – Decided January 11, 2019

        Before Judges Vernoia and Moynihan.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FV-03-0708-18.

        T.F.H., appellant, argued the cause pro se.

        Jeffrey S. Craig argued the cause for respondent (Craig, Annin & Baxter, LLP, attorneys; Jeffrey S. Craig, on the brief).

PER CURIAM

Defendant appeals from the Family Part judge's final restraining order (FRO) entered against him in favor of his estranged wife under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. He contends in his self-authored merits brief:

> POINT [I]
>
> INEFFECTIVE COUNSEL: DEFENDANT[']S COUN[SEL] DID NOT CONDUCT A PRE TRIAL CONFERENCE TO DISCUSS A DEFENSE STRATEGY, UTILIZE [FIVE] DOCUMENTS INCLUDING PHOTOS THAT I PROVIDED TO IMPEACH PLAINTIFF'S CREDIBILITY AND DEMONSTRATE PERJURY AND FRAUD COMMITTED BY THE PLAINTIFF DURING HER DEPOSITION ON MARCH 2017 AND DID NOT CALL AT LEAST TWO WITNESSES ON MY BEHALF WHO COULD HAVE VERIFIED AT LEAST ONE ACT OF FRAUDULENT TESTIMONY AND ANOTHER WHO COULD HAVE COLLABORATED [sic] MY STATE OF ALARM AND DISTRESS AFTER THE STEAK KNIFE INCIDENT WHEN I WAS LEAVING ON A TRIP TO FLORIDA.
>
> POINT [II]
>
> THE TRIAL COURT ERRED IN ITS DECISION TO ALLOW "AUTHENTICATION" OF A PERCEIVED NO CONTACT ORDER BASED ON TESTIMONY OF THE PLAINTIFF AND OVERRULED DEFENSE OBJECTION TO SAME. DEFENDANT WAS NEVER AFFORDED THE SAME OPPORTUNITY TO DISCUSS OR GIVE TESTIMONY.

A-1827-17T1

POINT [III]

THE INITIAL TRO SPECIFICALLY BLOCK 1, STATES "NO PREVIOUS ACTS OF DOMESTIC VIOLENCE, REPORTED OR UNREPORTED[." ] PREJUDICIAL TESTIMONY OF ALLEGED ASSAULT THAT PRE DATED THE INITIAL TRO SHOULD NOT HAVE BEEN ALLOWED.

POINT [IV]

THERE IS NO PROOF OF INTENT OR PREDICATE ACTS THAT CAUSED PLAINTIFF TO BE ALARMED OR AWARDED A FRO FOR HARASSMENT.

We are unpersuaded by these arguments and affirm.

The judge, following a full-day trial, found plaintiff qualified for protection under the PDVA because she was married to defendant. See N.J.S.A. 2C:25-19(d). Applying the dual-element test set forth in Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006),[1] the judge determined that plaintiff's credible testimony proved by a preponderance of the evidence three acts that constituted harassment, N.J.S.A. 2C:33-4(c), a predicate act under N.J.S.A. 2C:25-

---

[1] "First, the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Silver, 387 N.J. Super. at 125. If the court finds a defendant committed one or more of the predicate acts listed under N.J.S.A. 2C:25-19(a), the judge must determine whether a restraining order is required to protect the plaintiff from future acts or threats of violence. Id. at 126.

A-1827-17T1

19(a)(13): (1) defendant entered plaintiff's car while she was in church and removed a tote bag; (2) defendant sent plaintiff a text message asking her, despite plaintiff never telling him that she would be away, when she would be back from her trip; and (3) after using a Google-search to find the location of the house where plaintiff was staying, defendant drove there and "slam[med] on the brakes to see if [plaintiff's] car [was] there." The judge appraised defendant's offered explanations for the acts, found defendant "essentially admit[ted]" the acts, and did not find credible defendant's "own spin on what he believes the context [of the acts] to be." The judge found defendant, in committing the acts, was "clearly trying to send a message to [plaintiff], and that message is one of alarm"; and that the acts – committed over a ten-day period – were an ongoing course of conduct with "no other purpose but to harass" plaintiff.

In considering the second Silver prong, the judge found that, based on "physical confrontations between the two of them, including that of a sexual nature," and "her [reasonable] fear of future acts of domestic violence and harm," the FRO was required to protect plaintiff from future acts of domestic violence.

We are bound by the trial court's factual findings if they are "supported by adequate, substantial, [and] credible evidence." Cesare v. Cesare, 154 N.J.

4

394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). Such deference is "especially appropriate when the evidence is largely testimonial and involves questions of credibility." In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997). Moreover, a greater degree of deference is to be accorded to the Family Part as it possesses "special jurisdiction and expertise," and we "should accord deference to the family court factfinding." Cesare, 154 N.J. at 413. We are not, however, bound by the judge's interpretations of the legal consequences that flow from established facts. Manalapan Realty, LP v. Twp. Comm., 140 N.J. 366, 378 (1995).

We reject defendant's argument that the proofs did not support the judge's finding of harassment. A person commits harassment "if, with purpose to harass another, he . . . [e]ngages in any . . . course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person." N.J.S.A. 2C:33-4(c). In State v. Hoffman, our Supreme Court determined "serious annoyance under subsection (c) means to weary, worry, trouble, or offend." 149 N.J. 564, 581 (1997).

"A finding of a purpose to harass may be inferred from the evidence presented." Id. at 577 (citing State v. McDougald, 120 N.J. 523, 566-67 (1990); State v. Avena, 281 N.J. Super. 327, 340 (App. Div. 1995)). "Common sense

5

and experience may inform that determination." Ibid. (citing State v. Richards, 155 N.J. Super. 106, 118 (App. Div. 1978)). The credible testimony about the three closely proximate-in-time acts was sufficient evidence to support the judge's conclusion that defendant's pattern of conduct was committed with the conscious object to alarm or annoy. J.D. v. M.D.F., 207 N.J. 458, 487 (2011) (citing State v. Fuchs, 230 N.J. Super. 420, 428 (App. Div. 1989)).

We determine defendant's arguments in his first three points to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only that a defendant's claim of ineffective assistance of counsel, which applies in criminal cases based upon the Sixth Amendment right to counsel, does not apply to this civil proceeding. On the contrary, it has not been established that a constitutional right to counsel arises in a civil action under the PDVA. We also note that the judge never mentioned the prior restraints entered by the municipal court, which were memorialized in an order the judge deemed admissible; the admission of the order, therefore, was of no moment in the judge's determination of this case. And, notwithstanding that plaintiff did not set forth any prior domestic violence history in a prior temporary restraining order (TRO) application, defendant was on notice of the three acts and the prior history of domestic violence, including the two sexual assaults, because they

were set forth in plaintiff's TRO application submitted in this case. The judge properly considered evidence of those prior acts in determining whether a restraining order was necessary. N.J.S.A. 2C:25-29(a); see also Cesare, 154 N.J. at 401.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1827-17T1