**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0960-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GILBERT FAHNBULLEH,

     Defendant-Appellant.

_____

Submitted May 1, 2019 – Decided July 15, 2019

Before Judges Accurso and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket Nos. W-2015-6386-0906 and W-2015-6387-0906.

Gilbert Fahnbulleh, appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Gilbert Fahnbulleh appeals his conviction for obstructing the administration of law or other governmental function, N.J.S.A. 2C:29-1(a), entered by the Law Division judge following his de novo review of defendant's municipal court conviction.[1]  In his self-authored merits brief, defendant argues:

> POINT I
>
> THIS COURT SHOULD FIND IN THE NEGATIVE THAT APPELLANT'S ACTION(S) DID NOT PURPOSELY OBSTRUCT[], IMPAIR[], OR PERVERT[] THE ADMINISTRATION OF LAW OR OTHER GOVERNMENTAL FUNCTION OR PREVENT[] OR ATTEMPT[] TO PREVENT A PUBLIC SERVANT FROM LAWFULLY PERFORMING AN OFFICIAL FUNCTION "BY MEANS OF FLIGHT, INTIMIDATION, FORCE, VIOLENCE, OR PHYSICAL INTERFERENCE OR OBTACLE, OR BY MEANS OF ANY INDEPENDENTLY UNLAWFUL ACT." N.J.S.A. 2C:29-1A.

---

[1] Defendant's notice of appeal and criminal case information statement list the municipal court's December 9, 2016 order of conviction rather than the Law Division's August 11, 2017 order denying his appeal.  "It is clear that it is only the orders designated in the notice of appeal that are subject to the appeal process and review."  W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008).  Although we are not required to do so, we will address defendant's pro se appeal, particularly since the State did not object and replied to defendant's arguments.  See Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 97 n.3 (App. Div. 2014) (noting that we possess the discretion to overlook "a party's failure to designate an order in the notice of appeal" in certain circumstances); see also N. Jersey Neuro. Assoc. v. Clarendon Nat'l Ins. Co., 401 N.J. Super. 186, 196 (App. Div. 2008) (holding an earlier order not listed in the notice of appeal was nevertheless before the court because the argument on the order appealed from continued to raise the earlier issue).

A-0960-17T4

POINT II

THE STATUTE OF N.J.S.A. 2C:19-1A STATES ["A PERSON COMMITS AN OFFENSE IF HE PURPOSELY OBSTRUCTS, IMPAIRS, OR PERVERTS THE ADMINISTRATION OF LAW OR OTHER GOVERNMENTAL FUNCTION OR PREVENTS OR ATTEMPTS TO PREVENT A PUBLIC SERVANT FROM LAWFULLY PERFORMING AN OFFICIAL FUNCTION BY MEANS OF FLIGHT, INTIMIDATION, FORCE, VIOLENCE, OR PHYSICAL INTERFERENCE OR OBSTACLE, OR BY MEANS OF ANY INDEPENDENTLY UNLAWFUL ACT. IN ORDER TO FIND THE DEFENDANT GUILTY OF THIS OFFENSE, THE STATE MUST PROVIDE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT: (1) THAT THE DEFENDANT (A) COMMITTED AN ACT OF FLIGHT, INTIMIDATION, FORCE, VIOLENCE, OR PHYSICAL INTERFERENCE OR OBSTACLE"].

POINT III

GIVEN THE FACTS, APPELLANT DID NOT COMMIT A VIOLATION OF OBSTRUCION "BY MEANS OF FLIGHT, INTIMIDATION, FORCE, VIOLENCE, OR PHYSICAL INTERFERENCE OR OBSTACLE, OR BY MEANS OF ANY INDEPENDENTLY UNLAWFUL ACT" AS STIPULATED IN THE ELEMENTS OF THE STATUTE N.J.S.A. 2C:29-1A.

Our review of the record reveals substantial evidence which proved each element of the offense; we thus affirm defendant's conviction. We are, however,

constrained to remand this matter because the Law Division judge did not impose sentence and enter a judgment as required by Rule 3:23-8(e).[2]

In pertinent part, N.J.S.A. 2C:29-1(a) provides:

> A person commits an offense if he purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act.

The State was, therefore, required to prove: (1) defendant committed "an act of flight, intimidation, force, violence, or physical interference or obstacle [or] an unlawful act[.] [I]n other words, an act that is, without regard to its purpose to obstruct justice, already declared illegal"; (2) the defendant's purpose for the unlawful act was to obstruct, impair or pervert the administration of law or to prevent a public servant from performing an lawful function; and (3) defendant attempted to, or did, "obstruct, impair, or pervert the administration of law or the official governmental function . . . ." Model Jury Charges (Criminal),

---

[2] Although the order entered by the Law Division judge states, "Defendant's Municipal Appeal is DENIED," we perceive from our review of the judge's entire oral decision that he conducted a de novo review in accordance with Rule 3:23-8(a)(2). The judge, however, did not sentence defendant or enter the required judgment.

A-0960-17T4

"Obstructing Administration of Law or Other Governmental Function (N.J.S.A. 2C:29-1)" (approved Oct. 23, 2000).

The Law Division judge found the State met its burden as to each of those elements based on the testimony of the officer who conducted a motor vehicle stop after he viewed an expired registration sticker on defendant's vehicle. The judge cited verbatim portions of that testimony, found credible by the judge who deferred to the municipal court judge's credibility findings. See State v. Locurto, 157 N.J. 463, 474 (1999).

The Law Division judge found the officer and his partner were in full uniform when they exited their marked police vehicle, approached defendant's vehicle and requested his driver's license, registration and insurance card. The officer said defendant "stated he did not have to give it to me and refused to give it to me." The officer asked defendant for those credentials "upwards of ten times" and advised defendant he was subject to arrest if he refused to give that information to the officer. Defendant was arrested after he "remained obstinate in his refusals" to produce his driving credentials "that would have aided the policing in determining the identity of [defendant]." Defendant's failure to produce his credentials necessitated the police to arrest him under the name, "John Doe." Although a fingerprint search later identified defendant, the State

was unable to locate and produce the summonses on the day of trial because all summonses issued that day were under the common pseudonym.

Our function as a reviewing court is to determine whether the findings of the Law Division judge "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). If we determine that the findings and conclusions of the judge meet that criterion, our "task is complete" and we "should not disturb the result" even if we "might have reached a different conclusion . . . ." Ibid.; see also State v. Avena, 281 N.J. Super. 327, 333 (App. Div. 1995). Just as the Law Division judge did when conducting his de novo review, we "defer to [the] trial court['s] credibility findings that are often influenced by matters[,] such as observations of the character and demeanor of witnesses and common human experience[,] . . . not transmitted by the record." Locurto, 157 N.J. at 474. We reverse if we find the "judge went so wide of the mark, a mistake must have been made." Id. at 471 (quoting Johnson, 42 N.J. at 162). That is not the case here.

The Law Division judge determined defendant committed an unlawful act by violating N.J.S.A. 39:3-29 which requires a driver of a motor vehicle to "exhibit his [or her] driver's license and an insurance identification card, and . . . shall also exhibit the registration certificate, when requested so to do by a

A-0960-17T4

police officer . . . while in the performance of the duties of his [or her] office . . . ." When a "defendant fail[s] to produce his [or her] driver's license and a registration certificate, the officers [are] empowered to arrest him [or her]." State v. Gray, 59 N.J. 563, 568 (1971). Defendant's refusal to produce his license, registration and insurance card was an unlawful act, State v. Perlstein, 206 N.J. Super. 246, 255 (App. Div. 1986), that prevented the police from identifying him, verifying whether the vehicle registration was current, issuing any summons to an identified defendant and requiring a fingerprint investigation to learn defendant's identity. Defendant's "obstinate" refusal, "upwards" of ten times, proves that his "act of affirmative interference," State v. Fede, 237 N.J. 138, 149 (2019), was purposeful,[3] N.J.S.A. 2C:2-2(b)(1).

---

[3] "Purposely" is defined by statute:

> A person acts purposely with respect to the nature of his conduct or a result thereof if it is his conscious object to engage in conduct of that nature or to cause such a result. A person acts purposely with respect to attendant circumstances if he is aware of the existence of such circumstances or he believes or hopes that they exist. "With purpose," "designed," "with design" or equivalent terms have the same meaning.
>
> [N.J.S.A. 2C:2-2(b)(1).]

A-0960-17T4

The substantial credible evidence in the record supported the Law Division judge's findings and proved each of the elements of N.J.S.A. 2C:29-1(a). We discern no reason to disturb defendant's conviction for obstruction.

We determine the balance of defendant's arguments are without sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(2).

Affirmed but remanded to the Law Division for imposition of sentence and entry of a judgment in compliance with the procedures set forth in Rule 3:23-8(e). We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0960-17T4