**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3288-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAM E. SWAN, JR.,

    Defendant-Appellant.

_____

Submitted November 5, 2020 – Decided January 11, 2021

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Municipal Appeal No. 01-01-18.

Robert Ramsey, attorney for appellant.

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 2007, defendant William E. Swan, Jr. pled guilty in Lower Township Municipal Court, as a subsequent offender, to driving while intoxicated (DWI), N.J.S.A. 39:4-50, arising from a one-car accident in which he was the car's sole occupant and was injured. His sentence, including a ten-year license suspension, was consecutive to an earlier ten-year license suspension for his third DWI, which started in June 2006.

In 2018, the municipal court granted Swann's Rule 7:6-2(b) motion to vacate the guilty plea. The court determined that, in accordance with N.J.S.A. 2B:12-17.2, the Superior Court had sole jurisdiction over the DWI charge because he suffered a serious injury in the accident. The statute provides:

> a. In any matter concerning Title 39 of the Revised Statutes where death or serious bodily injury has occurred, regardless of whether the death or serious bodily injury is an element of the offense or violation, the Superior Court shall have exclusive jurisdiction over the offense or violation until such time that the Superior Court transfers the matter to the municipal court. For the purposes of this section, the term "serious bodily injury" shall have the meaning set forth in subsection b. of N.J.S. 2C:11-1.[1]

---

[1] N.J.S.A. 2C:11-1(b) defines serious bodily injury as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ[.]"

A-3288-18T1

b. The Attorney General may develop guidelines establishing procedures to be followed for prosecutions involving violations of N.J.S. 2C:11-4, N.J.S. 2C:11-5, . . . [N.J.S.A.] 2C:11-5.3[] or . . . [N.J.S.A.] 2C:11-5.1[] or criminal offenses involving serious bodily injury and underlying motor vehicle offenses arising from the same incident consistent with the provisions of . . . [N.J.S.A.] 2B:12-17.2 et al[].

[N.J.S.A. 2B:12-17.2.]

The court also directed the matter be referred to the county prosecutor for review. .

After allowing the State to challenge the municipal court's decision on interlocutory appeal, Judge Sarah B. Johnson ordered reinstatement of Swann's guilty plea. Upon vacating the municipal court's order, the judge re-imposed the initial sentence and credited Swann for fines paid and jail time served. The judge also granted defendant's request for a stay of the driver's license suspension pending appeal.

Before us, Swann contends N.J.S.A. 2B:12-17.2(a) is clear on its face and was misapplied by the judge. Alternatively, he argues that because the judge determined N.J.S.A. 2B:12-17.2(a) was ambiguous, she should have applied the rule of lenity to the statute to preclude the municipal court's jurisdiction over the DWI charge. We disagree and affirm substantially for the reasons expressed by Judge Johnson in her thoughtful and cogent opinion.

3

In an appeal of a municipal court order, the Law Division makes independent findings of facts and conclusions of law based on the record developed in the municipal court. State v. Avena, 281 N.J. Super. 327, 333 (App. Div. 1995) (citing State v. Johnson, 42 N.J. 146, 157 (1964)). We "consider only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001) (citation omitted). Given that the State only challenged the municipal court's legal conclusions and not its factual findings, this appeal rests solely on the Law Division's conclusions of law, to which we owe no deference. Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995) (citing State v. Brown, 118 N.J. 595, 604 (1990)).

To aid in our interpretation of N.J.S.A. 2B:12-17.2(a), we are guided by some well-known rules.

> The primary purpose of "statutory interpretation is to determine and 'effectuate the Legislature's intent.'" State v. Rivastineo, 447 N.J. Super. 526, 529 (App. Div. 2016) (quoting State v. Shelley, 205 N.J. 320, 323 (2011)). We initially consider "the plain 'language of the statute, giving the terms used therein their ordinary and accepted meaning.'" Ibid. "We will not presume that the Legislature intended a result different from what is indicated by the plain language or add a qualification to a statute that the Legislature chose to omit." Tumpson v. Farina, 218 N.J. 450, 467-68 (2014) (citing DiProspero v. Penn, 183 N.J. 477, 493 (2005)).

4

[Tasca v. Bd. of Trs., Police & Firemen's Ret. Sys., 458 N.J. Super. 47, 56 (App. Div. 2019).]

"On the other hand, if there is ambiguity in the statutory language that leads to more than one plausible interpretation, we may turn to extrinsic evidence, 'including legislative history, committee reports, and contemporaneous construction.'" DiProspero, 183 N.J. at 492-93 (quoting Cherry Hill Manor Assocs. v. Faugno, 182 N.J. 64, 75 (2004)).

With these principles in mind, we conclude the plain language of N.J.S.A. 2B:12-17.2(a) is clear – a DWI-related accident involving serious injuries is within the Superior Court's jurisdiction, not the municipal court's. The statute, however, does not specifically address the situation in which a person was charged with a motor vehicle offense, but not charged with an offense within the Superior Court's jurisdiction. Hence, on its face, the statute is unclear as to whether it applied to Swann's DWI, because he was the only person injured in the accident but was not charged with an indictable offense invoking the Superior Court's jurisdiction. Aided by an examination of the Legislature's intent in enacting N.J.S.A. 2B:12-17.2(a), we conclude the statute did not apply to Swann's DWI charge.

We agree with Judge Johnson's analysis of the policy behind the enactment of N.J.S.A. 2B:12-17.2(a). She cited State v. Dively, 92 N.J. 573, 576 (1983), where the defendant was driving while intoxicated and caused the death of another driver. He was issued five municipal court summonses, including one for DWI. Ibid. "When the municipal court hearings commenced . . . the parties and the court were aware of the death resulting from the accident." Ibid. After the defendant pled guilty to DWI and other motor vehicle violations in municipal court, a grand jury later indicted him for causing death by auto, N.J.S.A. 2A:113-9 (repealed), based on the same accident that was the subject of the municipal court convictions. Id. at 576-77.

Although the defendant entered a guilty plea to the criminal charge in Superior Court, the next day, the United States Supreme Court issued its decision in Illinois v. Vitale, 447 U.S. 410 (1980). Id. at 577. In that case, Vitale carelessly drove his car and struck two children who died from their injuries. Vitale, 447 U.S. at 411. After the driver was convicted of a traffic offense related to the accident, he was indicted for involuntary manslaughter for the death of the two children. Id. at 412-13. The Supreme Court held if the prosecution of Vitale on the criminal charges required the same proofs necessary to establish the motor vehicle violation, Vitale's prosecution on the criminal

charges would be barred by the Double Jeopardy Clause of the United States Constitution. Id. at 421. The matter was remanded for a determination of whether Illinois could prove involuntary manslaughter without proving the facts supporting the motor vehicle offense of which Vitale was convicted. Ibid.

Believing that the decision in Vitale barred his conviction on the death by auto charge on double jeopardy grounds, the defendant in Dively moved to withdraw his guilty plea. Dively, 92 N.J. at 577. The prosecutor conceded that the same evidence that would have been offered to prove the municipal court charges would be necessary to prove the criminal charge against the defendant. Ibid. The Superior Court permitted the defendant to enter a guilty plea conditioned on his right to raise on appeal the double jeopardy argument, which the trial court denied. Ibid.

Our Supreme Court held that the motor vehicle violations of which Dively was convicted and the criminal offense for which he was indicted were based on the same facts. Id. at 582-83. Thus, the Court concluded, in order to prove the criminal charge, the State would rely on the same evidence and alleged acts that underlie the motor vehicle offenses, triggering double jeopardy protections. Ibid. To prevent this situation from arising in the future, the Court reiterated its prior directive that

> where a complaint is filed in the municipal court and the magistrate has reason to believe that the factual situation out of which the complaint arose may also involve an indictable offense, the matter should be referred to the county prosecutor.
>
> [Id. at 589-90.]

In addition, the Court issued a "directive to all municipal court judges to withhold actions on drunk driving incidents involving personal injuries until clearance to proceed has been obtained from the county prosecutor." Id. at 590. This was followed by a May 3, 1983 Administrative Directive from the Court providing that when a complaint is issued in the municipal court and the judge or administrator believes the factual situation also involves an indictable offense, the matter should be referred to the prosecutor. In re Seelig, 180 N.J. 234, 241-44 (2004) (holding defense counsel had an ethical obligation to advise municipal court of pending indictable offenses arising from motor vehicle charges).

In her written opinion, Judge Johnson relied upon the January 26, 2006 Assembly Committee Statement to ascertain the intent behind N.J.S.A. 2B:12-17.2(a). The Statement reads:

> The New Jersey Supreme Court has ruled that, after a defendant pleads guilty in municipal court to traffic offenses, the double jeopardy provisions of the State and federal constitutions bar a subsequent

prosecution against him in Superior Court for criminal charges arising out of the same incident. State v. Dively, 92 N.J. 573 (1983).

This bill was prompted by an incident in which a Trenton couple was killed but the defendant had entered a guilty plea in municipal court to traffic offenses prior to the resolution of the criminal charges for aggravated manslaughter and death by auto. Under Dively, the disposition in municipal court of the traffic offenses precluded the prosecutor from bringing the defendant to trial on the criminal charges. It is the intention of the sponsor that established guidelines may prevent this type of situation from occurring in the future.

The bill provides that in any matter concerning a motor vehicle incident where death or serious bodily injury has occurred, regardless of whether death or serious bodily injury is an element of the offense or violation, the Superior Court shall have exclusive jurisdiction over the offense or violation until such time that the Superior Court transfers the matter to the municipal court. By clearly and unequivocally placing jurisdiction with regard to these matters with the Superior Court, the bill would provide for one court to resolve the case as opposed to two different courts, the municipal and Superior Court, working at odds with each other.

The bill provides that the Attorney General may develop guidelines on this issue and may disseminate the guidelines to the county prosecutors.

This bill was pre-filed for introduction in the 2006-2007 session pending technical review. As reported, the bill includes the changes required by technical review, which has been performed.

[Assemb. Judiciary Comm. Statement to A.911 (Jan. 26, 2006)]

A-3288-18T1

In her written opinion concluding the municipal court misinterpreted N.J.S.A. 2B:12-17.2(a), the judge held:

> I find that [N.J.S.A. 2B:12-17.2(a)] is ambiguous with respect to whether the [S]uperior [C]ourt obtains jurisdiction in the circumstances presented here. Thus, an examination of the statute's legislative history is appropriate to determine its intent.
>
> . . . .
>
> . . . I find that N.J.S.A. 2B:12-17.2(a) was enacted by the Legislature to prevent defendants from using the holding in <u>Dively</u> to avoid criminal prosecution for more serious offenses by resolving the related traffic violations in municipal court before resolution of indictable offenses arising from a traffic accident. My finding is supported by the January 26, 2006 Assembly Committee Statement, which provides that [the] goal of the statute is to provide for the disposition of motor vehicle incidents involving death or serious bodily injury in one court and to avoid the municipal and [S]uperior [C]ourt "working at odds with each other."
>
> . . . .
>
> As [d]efendant was the only individual who suffered any injury as a result of the November 13, 2006 motor vehicle incident, I find that he was never in danger of being exposed to liability in two courts because the criminal code does not authorize prosecution of a defendant for self-inflicted injuries.
>
> . . . .

> . . . I find that [d]efendant, by invoking N.J.S.A. 2B:12-17.2 (a) . . . is seeking to use double jeopardy precedents to avoid penalties for his previously admitted unlawful conduct. Should his guilty plea remain vacated, [d]efendant would not face any criminal charges, and the State would have the difficult task of proving at trial motor vehicle offenses alleged to have occurred over twelve [] years ago. I do not find such a result was either intended or anticipated by the Legislature in enacting the statute; nor do I find such result in the interests of justice.
>
> Therefore, I find that the language of N.J.S.A. 2B:12-17.2(a) is ambiguous in its application to the present situation wherein the driver charged with motor vehicle violations is the only individual injured as a result of the alleged offenses . . . . I resolve that ambiguity consistent with the State's interpretation and find that the proper venue for this matter was the Lower Township Municipal Court, which possessed exclusive jurisdiction based on the facts and circumstances presented in the record.

We discern no sound reason to deviate from Judge Johnson's ruling. It is clear that N.J.S.A. 2B:12-17.2(a) was meant to address a situation where an incident results in a person being charged with a municipal court offense as well as a Superior Court indictable offense; the county prosecutor must review all the charges to determine how they will be adjudicated to avoid constitutional limitations. This will eliminate double jeopardy concerns that might bar prosecution of the more serious indictable offenses should the municipal court offense be resolved first and rely upon the same facts that are needed to

11

prosecute the Superior court offense.  R. 3:1-5(a) ("All indictable offenses shall be prosecuted in the Superior Court, Law Division . . . .").  See also State v. Muniz, 118 N.J. 319, 331-34 (1990) (holding death by auto and lesser-included motor vehicle offenses must be tried together before the Superior Court).

We find further support for the judge's order in N.J.S.A. 2B:12-17.2(b), which states the Attorney General may set prosecution guidelines concerning "criminal offenses involving serious bodily injury and underlying motor vehicle offenses arising from the same incident."  This implies the statute only applies where a defendant is charged with both criminal offenses and motor vehicle offenses.  Because Swann's DWI-related accident caused only his injury and no indictable offense resulted, there was no need to invoke the county prosecutor's review as set forth in N.J.S.A. 2B:12-17.2(a).  It would be an absurd result to require such review given that the intent behind the statute would not be furthered – Swann faced no criminal prosecution in Superior Court related to the DWI charge.

Finally, we reject Swann's argument that because N.J.S.A. 2B:12-17.2(a) is ambiguous, the rule of lenity should be invoked in his favor to allow him to vacate his guilty plea.  State v. D.A., 191 N.J. 158, 164 (2007).  (Db11).  He also asserts that failure to do so will punish him under a penal statute that has

not been established under the law. In re DeMarco, 83 N.J. 25, 36 (1980) ("No one shall be punished for a crime unless both that crime and its punishment are clearly set forth in positive law."). (Db10-11).

The rule of lenity "holds that, when interpreting a criminal statute, ambiguities that cannot be resolved by either the statute's text or extrinsic aids must be resolved in favor of the defendant." State v. Drake, 444 N.J. Super. 265, 284 (App. Div. 2016) (quoting State v. Rangel, 213 N.J. 500, 515 (2013)). The rule therefore only applies if a statute's "ambiguity is not resolved by a review of 'all sources of legislative intent.'" State v. Nicholson, 451 N.J. Super. 534, 552 (App. Div. 2017) (emphasis added) (quoting State v. Regis, 208 N.J. 439, 452 (2011)). Given that our interpretation of N.J.S.A. 2B:12-17.2(a) is aided by legislative history and case law, the rule of lenity has no application here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13